# City Council of Eufaula *v.* Hickman.

*Mandamus against Municipal Corporation to Levy Tax.*

1. *Mandamus; when proper remedy.*—The principle is settled that when municipal corporations, having the power to levy a tax for the payment of their bonded indebtedness, fail to do so, and fail to pay such debt, the writ of mandamus will lie to compel the officers in whom the power and duty reside, to levy such tax. This is the only adequate remedy for enforcing this clear legal right.

2. *Practice in such cases.*—The names of the persons composing the governing body of the municipality must be brought before the court, that they, in their official capacity, may be compelled to perform the required function. They are required to act officially and collectively, but for failing to act they can be attached and punished as individuals; hence the preference of this, the modern practice, to that which directs the writ to the city government by its corporate name; for in the latter, obedience can not be enforced by attachment, &c.

[City Council of Eufaula v. Hickman.]

3. *Failure to act; penalty; trust in officers as a "board."*—The failure to levy the tax is a declination of duty by the *board*, and the penalty for non-action falls alone on the members who cause the failure. A creditor can complain alone of the non-action of the board, not of the individual action of members, unless they are sufficient to defeat action. The trust confided to them in the assessment of taxes was as a board, although in the actual assessment, a quorum, less than the whole number, may lawfully act.

4. *Discontinuance; when error.*—Considering the nature of this case—the complaint and the remedy invoked—the court holds that the doctrine of joint and several, and of discontinuance as to parties not served, can not apply, and it was error for the court to permit the relator to discontinue as to a party not served.

·5. *Certificate of justice of peace under section* 3238, *Revised Code; when insufficient.*—A certified statement of a judgment rendered by a justice of the peace under section 3238, Revised Code, is insufficient, unless it sets forth a statement of the judgment taken from the docket, with a copy of the execution and return thereon, and these certified as correct copies.

6. *Proof of coupons.*—Coupons should be produced in evidence unless their loss be sufficiently shown; and if they can not be so produced, they should be proven by examined copies.

APPEAL from the Circuit Court of Barbour.

Heard before the Hon. H. D. CLAYTON.

This was an application to the Circuit Court of Barbour county, by the appellee, for a writ of mandamus against the City of Eufaula, the appellant, and to the members of the City Council thereof, naming them, and to their successors in office, requiring them to levy, assess, and collect a tax sufficient to pay two judgments, with the costs thereof, obtained by appellee against said city before a justice of the peace. The judgments were alleged to have been obtained on coupons of bonds issued by said city in pursuance of an act of the General Assembly authorizing the issuance of such bonds. The defendants (appellants) objected to going to trial because notices were not directed to parties as councilmen. The objection was overruled, and defendants excepted. Plaintiff (appellee) then offered in evidence a certificate of the justice of the peace, before whom judgments were had, to which the defendants objected, on the ground that it was not a transcript, and was not properly certified, and hence was illegal evidence in the shape offered. The objection being overruled, defendants excepted. Plaintiffs then introduced one Eli S. Shorter as a witness, who testified that the coupons upon which the judgment was obtained were taken from certain bonds issued by the city of Eufaula, under act of December 31, 1868, and introduced the original bonds, and testified that the coupons "are on file in the said justice's court, and beyond his control;" to all of which evidence the defendant objected, because the coupons were not offered in evidence, and because the paper offered as a certificate of

[City Council of Eufaula v. Hickman.]

the justice of the peace, did not show that the judgment was upon the coupons. Objection being overruled, defendants excepted. The plaintiffs discontinued the case as to one of the councilmen, because he was not served with notice, and defendants excepted. Upon appeal the defendants now make the following assignments of error:

1. Permitting the paper or certificate of the justice to be read in evidence.

2. Allowing Eli S. Shorter to testify that the judgments rendered in the justice's court were on coupons taken from bonds issued by the city of Eufaula.

3. Permitting a discontinuance as to one of the councilmen.

G. L. COMER, for appellants.

SHORTER & McKLEROY, contra.

No briefs came to Reporter.

STONE, J.—1. The principle must be regarded as settled,. that when municipal corporations, having the power to levy a tax for the payment of their bonded indebtedness, fail to do so, and fail to pay such debt, the writ of *mandamus* will lie, to compel the officers in whom the power and duty reside to levy such tax. This is the only adequate remedy for enforcing this clear legal right.—High. Ex. Legal Rem. § 324, *et seq.;* Moses on Man. 126–7 ; *Com. ex rel. v. Pittsburgh,.* 34 Penn. St. 509.

2. It is said that the ancient rule, in such cases, was to direct the writ to the city government by its corporate name, while the modern practice is, to direct it to the several members of the municipal government, whose duty it is to levy the tax. The advantage in pursuing the latter course is shown in this: that while the duty can be as clearly commanded in the one form as in the other, yet, when it becomes necessary to compel obedience by attachment, such writ can not be enforced against the corporation in its corporate name. The names of the persons composing the governing body of the municipality must be brought before the court that they, in their official capacity, may, by the mandate of the court, be compelled to perform the required function. They are required to act officially and collectively, but for failing to act, they can only be attached and punished as individuals. Hence, the preference given to the modern practice, which

[City Council of Eufaula v. Hickman.]

proceeds against the governing members of the corporation in their several names as such.—Moses on Man. 126-7-8; Dillon on Mun. Corp. §§ 665, 686, et seq.; High. Ex. Legal Rem. 337; City of Louisville v. Kean, 18 B. Monroe, 13; Mayor v. Lord, 9 Wal. 413; Lindsey v. Auditor, 3 Bush. (Ky.) 235; Santer v. City of Madison, 15 Wis. 30, State ex rel. v. Gates, 22 Wisc. 213; Regina v. Mayor, 4 Eng. Law and Eq. 194.

3.  In the present proceeding, the Mayor and Councilmen of the City of Eufaula were proceeded against separately by name, while they were complained of in their official capacity. The duty they were commanded to perform required their official action as a board, exercising governmental powers. Their action must be as an organized board; but, in the process compelling them to act, or punishing them for non-action, they can only be reached as individuals. If the board, by a majority vote, levy the requisite tax, the conduct of a dissenting minority furnishes the excuse for the writ of mandamus.  So, if a minority of the council favor the assessment, and the vote of the majority defeats them, the writ of mandamus will be issued to each; but only the recusant members will be adjudged in contempt, should attachment become necessary.—Maddox v. Graham, 2 Metc. (Ky.) 63; High. Ex. Legal Rem. § 337.  The failure to act is a dereliction of duty by the board; the penalty for non-action falls alone on the members who cause the failure.  A creditor of the corporation can complain alone of the non-action of the board, not of the individual action of members, unless they are sufficient in numbers to defeat action.  The trust confided to them in the assessment of taxes, was committed to them as a board, although in the actual assessment a quorum, less than the whole number, may lawfully act.

4.  Considering the nature of the official fault complained of, and of the remedy invoked in this case, we think the doctrine of joint and several, and of discontinuance as to parties not served, can not be made to apply.  The Circuit Court erred in permitting the relator to discontinue as to the party not served.

5.  The certificate of the justice of the peace, given in evidence in this case, was not sufficiently authenticated.  It should have set forth a statement of the judgment, taken from the docket, with a copy of the execution and return thereon; and these should have been certified as correct copies.—Revised Code, § 3238; Jones v. Davis, 2 Ala. 730.

[Pounds et al. v. Hamner.]

6. The coupons, unless their loss was sufficiently shown, should have been produced; or, if that could not be done, should have been proven by examined copies.

Reversed and remanded.