### E. J. SANDMEYER, MAYOR, ET AL. v. JONATHAN HARRIS.

#### No. 577.

1. **Mandamus to Enforce Judgment.**—Under section 9, article 8, of the amendment to the Constitution, which was adopted September 25, 1893, and which authorized a tax not to exceed 25 cents upon the $100 valuation, for the erection of public buildings, streets, sewers, waterworks, and other public improvements, a city of less than 10,000 inhabitants, which had adopted the general incorporation law in lieu of its charter, and had not exercised the right of taxation given by the above section, may be compelled by mandamus to levy a tax to pay a judgment obtained prior to the adoption of said amendment, for the cost of an artesian well dug for the city, upon which an execution had been returned, no property found.

2. **Constitutional Law—Creation of Indebtedness.**—When the work was contracted for it was to be paid for when completed, and the money for the purpose was on hand. There was no intention to create a debt, within the meaning of the Constitution, which forbids it, unless provision is made for the assessment and collection of a sum sufficient to pay the interest and create a sinking fund of 2 per cent. A tax for permanent improvements may be levied to raise funds to be expended directly for that purpose, or to pay bonds sold to raise funds for that purpose.

3. **Conclusiveness of Judgment.**—In a suit by a creditor of a city, by mandamus, to compel it to levy a tax to pay his judgment, the judgment is conclusive evidence of the validity of the debt.

APPEAL from Colorado.　Tried below before Hon. T. H. SPOONER.

*M. Kennon,* for appellants—The judgment requiring defendants, in their official capacities, to levy a tax of 18 cents on the $100 of taxable values in said city, to pay the judgment, interest, and costs in the case of Jonathan Harris v. The City of Columbus, is erroneous; because said city having already levied an ad valorem tax of 25 cents on said taxable values, for general purposes, had exhausted its power to tax property values for such purposes, and the judgment of Jonathan Harris being an ordinary debt, contracted subsequent to the taking effect of the constitutional amendment of 1893, he must look to the revenues derived from such tax for the payment of his judgment.

*James A. Breeding,* for appellee.—1. The city of Columbus did not exhaust its power to tax property values when it levied an ad valorem tax of 25 cents on the $100 valuation. Rev. Civ. Stats. (Sayles' Ann.), arts. 425, 425a, 425b, 425c.

2. The Constitution, article 11, section 5, which reads, "No debt shall ever be created by any city, unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest

thereon and create a sinking fund of at least 2 per cent thereon," has reference only to the issuance of bonds and the creation of an interest-bearing bonded debt. It can not be construed to apply to warrants or judgments which do not exceed the current revenue which may be derived from taxation permitted by law to be levied. City of Corpus Christi v. Woessner, 58 Texas, 462.

GARRETT, Chief Justice.—This suit was brought by Jonathan Harris against the mayor and aldermen composing the city council of the city of Columbus, representing that plaintiff had obtained a judgment against said city, upon which execution had been returned nulla bona, and for the payment of which the defendants had refused to provide, although the city of Columbus was amply solvent, and it was within the power of the defendants with the revenues at their disposal to pay off and satisfy the same; and that the liability for which said judgment was rendered was for a permanent public improvement, for which defendants agreed to pay in cash. Plaintiff prayed for a writ of mandamus to the defendants to show cause why they should not make provision for the payment of his said judgment.

Defendants answered, that plaintiff's judgment was an ordinary judgment awarding execution against the city, and plaintiff was not entitled to enforce it otherwise than by execution, as defendants had no lawful power to provide in any way for the payment thereof. Also, that the judgment was for a debt contracted by the city on the 2nd day of March, 1892, and about that time, for sinking an artesian well within the corporate limits of the city, which is and was a city of less than 3000 inhabitants, and was incorporated under the provisions of the Revised Statutes relating to cities of less than 10,000 inhabitants; and that said judgment is void, because the debt for which it was rendered was void, since at the time it was contracted no provision was made for its payment.

The cause was submitted to the court, which rendered a judgment in favor of the plaintiff, and directed the defendants to levy a tax sufficient to satisfy the judgment, to which the defendants excepted and gave notice of appeal.

There is no statement of facts in the record. We adopt the findings of facts made by the judge at the request of the defendants, stating here, however, only such as we deem pertinent to the decision of the case.

1. Plaintiff obtained a general judgment against the city on September 10, 1892, for the sum of $1022.50, with interest from said date at the rate of 6 per cent per annum, for the payment of which no provision was ever made by the city council.

2. The city of Columbus has about 2500 inhabitants, and about ten years previous to the date of the trial below, adopted the provisions of the Revised Statutes in lieu of its charter.

3. In June, 1883, the city issued waterworks bonds to the amount of $25,000, bearing 8 per cent interest per annum, and levied a tax of 25 cents of the $100 of taxable values to pay the interest.

4. In addition to the tax levied to pay the interest on the waterworks bonds, the city council had levied a tax of 25 cents on the $100 for the general fund, and 15 cents for streets, etc.

5. At the time of the trial the city had no money on hand. Its taxable values for the year 1893, as shown by the assessment rolls, amounted to $679,000.

The pleadings of the parties do not state the cause of action and defense fully, but all demurrers and exceptions having been waived, we think the petition is sufficient to support the judgment.

It appears from the petition that the liability for which plaintiff's judgment against the city was rendered was for permanent improvements, for the payment of which the city council represented that it had the money in cash; and the answer states, that it was for the sinking of an artesian well within the corporate limits of the city. In the absence of a statement of facts and of a finding upon the issue by the court, we must conclude, in support of the judgment of the court below, that plaintiff's demand, upon which the judgment for the enforcement of which this proceeding was instituted is based, was for a current liability of the city for a permanent improvement. If the liability for which the judgment was rendered had been incurred for ordinary city purposes or current expenses, plaintiff would not be entitled to the relief sought, because the power to tax for such purposes had been exhausted by the city council by the levy of 25 cents upon the $100 of taxable values. Butz v. Muscatine, 8 Wall., 578. But we are of the opinion, that although the judgment does not adjudicate the amount of the recovery against any particular fund, it may still be classified, and that it is proper to do so in this proceeding. The liability may be shown to have been incurred for any of the purposes for which the city is authorized to levy a tax, and if it should appear that the power of the city to levy a tax for that purpose has not been exhausted, then the right to a mandamus to levy a specific tax for the payment of the debt exists. Plaintiff has shown that he has a judgment, and that execution has been returned, "no property found," which is necessary in case there has been no creation of a debt and specific levy of a tax to pay the same.

Looking to the Constitution, and the general incorporation act under which the city of Columbus is chartered, the right of the city council to levy taxes thus appears: "No county, city, or town shall levy more than 25 cents for city or county purposes, and not to exceed 15 cents for roads and bridges, on the $100 valuation, except for the payment of debts incurred prior to the adoption of the amendment, September 25, A. D. 1883; and for the erection of public buildings,

streets, sewers, waterworks, and other permanent improvements, not to exceed 25 cents on the $100 valuation in any one year, and except as is in this Constitution otherwise provided." And the Legislature may authorize an additional tax of 15 cents on the $100 valuation for public roads, subject to a vote of the taxpayers of the county. Const., amendment 1890, art. 8, sec. 9.

"The city or town council of any city or town in this State, incorporated under the general laws, shall have power by ordinance to levy and collect an annual ad valorem tax sufficient to meet the interest and sinking fund on all indebtedness legally incurred prior to the adoption of the constitutional amendment in 1883, regarding the power of cities and towns to levy and collect taxes, etc., and may levy and collect 25 cents on the $100 valuation of property in such city or town for current expenses, and may levy and collect an additional 25 cents on the $100 valuation for the purpose of construction or the purchase of public buildings, waterworks, sewers, street improvements, and other permanent improvements within the limits of such city or town; and cities and towns providing for such improvements shall have the power to issue coupon bonds of the city therefor in such sum or sums as they may deem expedient, to bear interest not exceeding 6 per cent per annum; provided, that the aggregate amount of bonds issued for the above named purposes shall never reach an amount where the tax of one-fourth of 1 per cent will not pay current interest and provide a sinking fund sufficient to pay the principal at maturity, and the amount of bonds legally issued under acts passed prior to the adoption of the present Constitution shall not be computed and estimated in the amount of bonds which may be issued for the above named city improvements. Within the meaning of this act shall be included building sites and buildings for the public free schools and institutions of learning within those which have assumed or may assume hereafter the exclusive control and management of the public free schools and institutions of learning within their limits, and shall also have the power to levy by ordinance a tax not exceeding 15 cents on the $100 for the improvement of the roads, bridges, and streets of such town or city within its limits, as provided by the amendment of 1883 to the Constitution of this State. Sayles' Ann. Rev. Stats., Supp., 1893, art 425c.

A comparison of the constitutional provisions with the general incorporation law shows that the latter has followed the Constitution, unless it be held that the power given by the Constitution to levy a tax of 15 cents on the $100 valuation for "roads and bridges" does not authorize the Legislature to confer authority on cities and towns incorporated under the general law to levy said tax "for the improvement of the roads, bridges, and streets of such town or city within its limits, as provided by the amendment of 1883 to the Constitution of

this State." It will be observed that the article of the Revised Statutes above quoted was an amendment made in 1891. The amendment of 1890 to the Constitution had already been adopted, but the amendment of 1883, as far as it involves the question here, was in the same language. We are of the opinion that the purpose of the levy "for roads and bridges," as contained in the Constitution, authorizes the construction placed thereon by the Legislature, and that "streets" is included in the power, since this provision is for the current expense of maintenance of streets, while "streets," as included in the power to levy 25 cents for "the erection of public buildings, streets, sewers, waterworks, and other permanent improvements," means streets that are acquired or opened up by condemnation or otherwise, and not the keeping of the same in repair.

It will then be seen that the city of Columbus had the power to levy taxes for purposes as follows: (1) General purposes, 25 cents. (2) Indebtedness incurred prior to September 25, 1883, not limited. (3) Improvement of roads, bridges, and streets, 15 cents. (4) Permanent improvements within the limits of the city, 25 cents.

As shown by the findings of the court, the city council had levied taxes (1) for general purposes, 25 cents; (2) for streets, etc., 15 cents; and (3) for the payment of interest on waterworks bonds, 25 cents. Hence it appears that it still had the power, unused, to levy a tax of 25 cents for permanent improvements.

A debt, within the meaning of the constitutional prohibition against the creation of a debt without at the same time providing for the assessment and collection annually of "a sufficient sum to pay the interest thereon and create a sinking fund of at least 2 per cent thereon." is said not to be created when the current liabilities do not exceed the current revenue to be derived from taxation. City of Corpus Christi v. Woessner, 58 Texas, 467; City of Terrell v. Dessaint, 71 Texas, 774. According to the allegations of the petition and the defense made, and we must infer it was found to be true, the debt was incurred for the sinking of an artesian well, which was a permanent improvement; and that when the work was contracted for there was no intention to create a debt within the meaning of the Constitution, but that the work was to be paid for when completed, and that the money was already in the treasury for the purpose. The judgment, however, is conclusive of the validity of the debt. The Mayor v. Lord, 9 Wall., 409. From the language of the amended article of the general incorporation law, as quoted above, it appears that the tax for permanent improvements may be levied to raise funds to be expended directly for that purpose, or to pay bonds sold in order to raise the funds for the purpose. There is no reason why current improvements may not be paid for with current revenue; and no reason why the phrase "current expenses," although used with reference to "general purposes" in the

Constitution (article 9, section 4), should, in the definition of "debt," in the cases above cited, be limited to liabilities incurred in respect to other funds, when the improvements are made to be paid for in the ordinary course, without postponement to future tax levies. We are of the opinion that the judgment was a valid liability of the city to be paid out of the fund for permanent improvements, and that the city council had not exercised any of its power to levy a tax for that fund during the year 1893.

We see no error in the judgment of the court below, and it will be affirmed.

*Affirmed.*

Delivered June 7, 1894.