### STATE ex rel. ROCHE v. BOARD OF SCHOOL COM'RS OF MOBILE COUNTY et al. (1 Div. 555.)

(Court of Appeals of Alabama. Jan. 15, 1924.)

1. **Mandamus** ⊙⇒154(7)—**Presumed board of education and superintendent will perform their duty where refusal to perform is not alleged.**

Where petition for mandamus prayed for an order to compel the board of school commissioners and superintendent of education to place relator's name upon the teachers' pay roll and to compel the superintendent to certify to the board that relator is entitled to the payment of her salary for unexpired term, and it did not appear therefrom that her name had been removed, or that she was not paid all that was due her up to the date of the filing of the petition, or that the superintendent would not pay her in the future upon proper application, it will be presumed that the board of education and the superintendent will perform their duty, whatever that might be.

2. **Judgment** ⊙⇒18(3)—**Order based on prayer not sustained by appropriate allegations would be void.**

If a petition for mandamus, praying for an order against the board of education and superintendent of education, to compel them to reinstate relator as a teacher, and to place her name on the teachers' pay roll, and to certify that relator is entitled to certain money as unpaid salary, is not sustained by an appropriate allegation of refusal to perform duty by respondents, an order granting the relief would be void.

3. **Mandamus** ⊙⇒51—**Refusal of trial court to enter void order is proper.**

The trial court will not be put in error for declining to enter a void order.

4. **Mandamus** ⊙⇒16(2)—**Reinstatement in position as teacher not ordered after term has expired.**

Mandamus to compel reinstatement to a position or office, as a position as teacher for a certain school year, the term of which has, so far as relator was concerned, expired, will not issue.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Petition for mandamus by the State of Alabama, on relation of Sarah Green Roche, against the Board of School Commissioners of Mobile County (and the individuals composing the Board) and S. S. Murphy, as Superintendent of Education of said county.

From an order or judgment denying the writ, petitioner appeals. Affirmed.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellant.

Mandamus will lie to compel the reinstatement of a school-teacher wrongfully dismissed. Richards v. District School Board, 78 Or. 621, 153 Pac. 482, L. R. A. 1916C, 789, Ann. Cas. 1917D, 266; People ex rel. Peixotto v. Board of Education, 82 Misc. Rep. 684, 144 N. Y. Supp. 87; Blair v. U. S. ex rel. Hellmann, 45 App. D. C. 353; Hughes v. Outlaw, 197 Ala. 452, 73 South. 16, Ann. Cas. 1918C, 872; Ex parte Diggs, 50 Ala. 78; Ex parte Lusk, 82 Ala. 519, 2 South. 140; State v. Bibb Street Church, 84 Ala. 32, 4 South. 40; 26 Cyc. 283; 35 Cyc. 1094. The board of school commissioners of Mobile county is not such an agency of the state of Alabama as will justify its claim to immunity from suit. Board of Education of Escambia County v. Watts (Ala. App.) 95 South. 498; Allred v. Dunn, 207 Ala. 469, 93 South. 390; County Board of Education v. Cement Products Co., 209 Ala. 310, 96 South. 236; Commissioners v. Criswell, 6 Ala. 565; Town of Coffee Springs v. Glover, 10 Ala. App. 475, 65 South. 440; Gay v. Bankston, 100 Ala. 280, 13 South. 939; Urie v. Board of Education, 86 Okl. 265, 208 Pac. 210. Appellant is entitled to have preparation of proper pay roll, certification, etc., compelled, in order that she may be paid her salary. Varner v. Hardy, 209 Ala. 575, 96 South. 860; People v. Stevenson, 272 Ill. 215, 111 N. E. 595; State ex rel. Young v. Capdevielle, 135 La. 669, 65 South. 890; Davenport v. City of Los Angeles, 146 Cal. 508, 80 Pac. 684; People v. Dalton, 27 Misc. Rep. 667, 59 N. Y. Supp. 666; Ross v. Bd. of Education, 18 Cal. App. 222, 122 Pac. 967; State ex rel. Rundberg v. Kansas City, 206 Mo. App. 17, 226 S. W. 986.

Pillans, Cowley & Gresham, of Mobile, for appellees.

The term of relator's contract has expired, and the court cannot by mandamus compel her reinstatement to a position which no longer exists. The appeal should be dismissed. State ex rel. Case v. Lyons, 143 Ala. 649, 39 South. 214; Ex parte Richardson (Ala. Sup.) 58 South. 909; Reeves v. State, 145 Ala. 510, 41 South. 927; Agee v. Cate, 180 Ala. 522, 61 South. 900. The appellee is a state agency and not suable. Const. 1901, § 14; Cox v. Board, 161 Ala. 648, 49 South. 814; Ala. Girls' Inst. v. Addler, 144 Ala. 555, 42 South. 116, 113 Am. St. Rep. 58; White v. Ala., etc., Hospital, 138 Ala. 479, 35 South. 454; Louisiana v. Jumel, 107 U. S. 711, 2 Sup. Ct. 128, 27 L. Ed. 448; Pennoyer v. McConnaughy, 140 U. S. 9, 11 Sup. Ct. 699, 35 L. Ed. 363.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BRICKEN, P. J. Relator filed her petition for mandamus in the court below against five respondents as members of the board of school commissioners of Mobile county, and the respondent Murphy as superintendent of education for said county, alleging in substance that on the 18th day of September, 1922, relator was appointed and employed as teacher of Latin in the Mobile high school for the school year 1922–23 of 180 school days, at and for the sum of $1,411, payable in ten monthly installments. Relator further avers that she faithfully performed her duties from September 18, 1922, up to and including February 28, 1923, when, it is alleged, without cause and without fault on the part of the relator, she was summarily dismissed by the board, acting through the superintendent of education. Relator avers a willingness at all times to perform her duties, and prayed for a writ of mandamus— (1) commanding the five respondents composing the board to reinstate relator as teacher of Latin in the Mobile high school, and to forthwith restore her to her position as teacher therein; (2) commanding the respondent Murphy, as superintendent of education, to forthwith cause the relator's name to be placed upon the pay roll of teachers in Mobile of the board of education, and to certify to the board that the relator is entitled to payment of her salary for the remainder of her alleged term, amounting to $7.84 for each and every school day subsequent to the 28th day of February, 1923, to the end of the school year 1923.

Respondents appeared and pleaded to the jurisdiction of the court, alleging in substance that they are the agents of the state of Alabama, and that the petition for mandamus is in substance and effect an attempt to sue the state of Alabama.

The trial court sustained the plea and dismissed the petition, and relator brings the case to this court for review.

Disobedience of statutory requirements in the discharge of public servants and the resulting consequence is the subject of consideration in Stiles v. Municipal Council of City of Lowell, 233 Mass. 174, 123 N. E. 615, 4 A. L. R. 1865; Burch v. Hardwicke, 30 Grat. (Va.) 24, 32 Am. Rep. 640.

In the case at bar there is no allegation in the record charging the removal of relator's name from the pay roll of the board of education. There is no allegation of a demand on, and refusal by, the superintendent of education to certify that the relator is entitled to her salary for the remainder of the unexpired term.

In appellant's reply brief her position in this respect is stated as follows:

"The legal effect of the situation, as now presented, is exactly the same as if the relator had performed the service to the end of the school term; and she now seeks to compel the preparation and the proper certification of the pay roll in order that she may be paid her salary, the amount of which is wholly undisputed, and to which she is justly entitled."

The authorities cited by the appellant in support of this statement do not, in our judgment, sustain this contention. The situation, as shown by the petition, now is that the term of relator's service has expired. The petition does not disclose any demand on the superintendent of education to certify to the board of education that relator is entitled to any unpaid salary. 26 Cyc. 181, 182.

[1] There is nothing tending to show a removal of her name from the teachers' pay roll. For aught appearing, relator has been paid all that was due her up to the date of the filing of the petition, and the superintendent and board of education will pay her in the future upon proper application. It is to be presumed that they will perform their duty, whatever that duty may be.

[2, 3] In the absence of an appropriate allegation to sustain the order prayed for against the superintendent of education, the order would be void. Kirkland v. Pilcher, 174 Ala. 170, 57 South. 46. The trial court will not be put in error for declining to enter a void order.

This disposes of that part of the petition relating to the payment of the salary for the unexpired term.

[4] The school year 1922–23 has expired. A mandamus requiring reinstatement to a position or office, the term of which has, so far as the relator is concerned, expired, will not issue. State ex rel. Case v. Lyons, 143 Ala. 649, 39 South. 214; Agee et al. v. Cate, 180 Ala. 522, 61 South. 900; 26 Cyc. 149.

It is unnecessary to pass upon the other questions presented by the record.

The judgment dismissing the petition is affirmed.

Affirmed.