Co. of Seminole, Florida et al. v. State of Florida—Opinion of Court.

COUNTY OF SEMINOLE, FLORIDA, AND ALEXANDER VAUGHAN, AS TAX ASSESSOR OF SEMINOLE COUNTY, FLORIDA, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *ex rel.*, UPPER ST. JOHNS RIVER NAVIGATION DISTRICT, A CORPORATION, *Defendants in Error.*

### Division B.

### Opinion Filed April 15, 1927.

1. Where mandamus is brought commanding county commissioners to individually perform official acts, the writ must be served on the commissioners severally.

2. A writ of mandamus should be served upon the individuals who are required to perform the duty commanded.

A Writ of Error to the Circuit Court for Seminole County; W. N. Wright, Judge.

Reversed.

*DeCottes, Spencer & Dighton*, for Plaintiffs in Error;

*P. A. Vans Agnew, E. F. Housholder* and *George P. Garrett*. for Defendants in Error.

PER CURIAM.—This writ of error was taken to a peremptory writ of mandamus commanding the "County of Seminole and the Board of County Commissioners of Seminole County" and the Tax Assessor of Seminole County to perform stated acts relating to the levy of a tax in Seminole County for the benefit of the "Upper St. Johns River Navigation District," created by Chapter 11431, Special Acts of the Extra Session of 1925, including the Counties of Broward and Seminole. The writ was issued against the "County of Seminole and Alexander Vaughan, as **Tax**

Assessor of Seminole County, Florida." Service of the alternative writ was made on Alexander Vaughan as Tax Assessor and on "Boston Steel as County Commissioner of Seminole County, in the absence of the chairman of said Board of County Commissioners." The County of Seminole and the Tax Assessor filed a demurrer and a motion to quash the alternative writ, which demurrer and motion were overruled and a peremptory writ was granted, to which this writ of error was taken.

As the alternative writ was not addressed to the several County Commissioners in their official capacity, and as the writ was served on only one of the County Commissioners, and as the individual County Commissioners have not appeared in the cause, there was no authority to issue a peremptory writ that if effective at all commands individual official action of the several members of the Board of County Commissioners.

The statutes provide:

"The County Commissioners of the several counties shall sue and be sued in the name of the county of which they are commissioners. A change in the persons composing the Board of County Commissioners shall not abate the suit, but it shall be proceeded with as if such change had not taken place." Sec. 1493, Rev. Gen. Stats. 1920.

"In all suits against counties service of the writ of summons shall be made upon the chairman of the Board of County Commissioners, or, if he cannot be found, on two members of the Board." Sec. 1494, Rev. Gen. Stats. 1920.

As the action here is not against the county as for a contractual or other obligation, but is a mandatory proceeding requiring official action to be individually performed, the above statutes are not controlling.

A writ of mandamus should be served upon the individ-

uals who are required to perform the duty commanded. 38 C. J. 912; County Commissioners of Columbia County v. Bryson, 13 Fla. 281, text 287.

Reversed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.