(133 So. 11)

## WILLIAMS v. BOARD OF DENTAL EXAMINERS OF ALABAMA.

### 6 Div. 700.

Supreme Court of Alabama.

March 12, 1931.

Monette & Taylor, of Birmingham, and Dozier & Gray, of Mobile, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

412

THOMAS, J. ·

The demurrer to the petition for mandamus being sustained, and petitioner declining to plead further, the petition as amended was dismissed.

The defendant is sued as the board of dental examiners of the state of Alabama; members of that board were not made parties, and the action was directed to no person in office. There are many grounds of demurrer, and, if any ground is well taken, the action of the trial court is sustained.

■ It is the rule in this jurisdiction that a writ of mandamus, civil remedy and a personal action, that must be directed against persons in office, and not alone against the office, board, or commission as such, is to compel the performance of a duty resting upon such person to whom it is sent or directed. State ex rel. Denson v. Miller, Pres., etc., 204 Ala. 234, 85 So. 700, did not join other members and held demurrable; Home Guano Co. v. State ex rel. Pike, 193 Ala. 548, 69 So. 419; State ex rel. Smith, Treas., v. White, Auditor, 116 Ala. 202, 23 So. 31; State of Alabama ex rel. Pinney v. Williams, 69 Ala. 311; Leigh v. State ex rel. O'Bannon, 69 Ala. 261; City Council of Eufaula v. Hickman, 57 Ala. 338; State ex rel. Roche v. Board of School Com'rs of Mobile County, 19 Ala. App. 528, 98 So. 654; Board of Education of Jefferson County v. State (Ala. Sup.) 131 So. 239.[1] Such are the general authorities. Seminole County et al. v. State ex rel. Upper St. Johns River Nav. Dist.; 93 Fla. 929, 112 So. 616; 38 C. J. 542; United States v. Boutwell, 17 Wall. 604, 607, 21 L. Ed. 721; United States v. Butterworth, 169 U. S. 600, 18 S. Ct. 441, 42 L. Ed. 873; Warner Valley Stock Co. v. Smith, 165 U. S. 28, 17 S. Ct. 225, 41 L. Ed. 621.

In City Council of Eufaula v. Hickman, 57 Ala. 338, 340, Mr. Chief Justice Stone said: "It is said that the ancient rule, in such cases, was to direct the writ to the city government by its corporate name, while the modern practice is to direct it to the several members of the municipal government, whose duty it is to levy the tax. The advantage in pursuing the latter course is shown in this: That while the duty can be as clearly commanded in the one form as in the other, yet, when it becomes necessary to compel obedience by attachment, such writ can not be enforced against the corporation in its corporate name. The names of the persons composing the governing body of the municipality must be brought before the court that they, in their official capacity, may, by the mandate of the court, be compelled to perform the required function. They are required to act officially and collectively, but for failing to act, they can only be attached and punished as individuals. Hence, the preference given to the modern practice, which proceeds against the governing members of the corporation in their several names as such.—Moses on Man. 126-7-8; Dillon on Mun. Corp. §§ 665, 686, et seq.; High. Ex. Legal Rem. 337; City of Louisville v. Kean, 18 B. Mon. [Ky.] 13; Mayor v. Lord, 9 Wall. 413, 19 L. Ed. 704; Lindsey v. Auditor, 3 Bush. (Ky.) 235; Soutter v. City of Madison, 15 Wis. 30; State ex rel. v. Gates, 22 Wis. 213; Regina v. Mayor, 4 Eng. Law and Eq. 194."

This modern rule has been adhered to in this jurisdiction. Farson, Son & Co. v. Bird, Treas., 197 Ala. 384, 387, 72 So. 550; J. B. McCrary Co. v. Purvis, 208 Ala. 53, 93 So. 827; Graham v. City of Tuscumbia, 146 Ala. 452, 42 So. 400.

■ It may be further stated that the demurrer raises the question of authority of the board to restore a license theretofore revoked. In Wright v. Aldridge et al., 219 Ala. 632, 123 So. 33, the observation was made that the statute clearly confers no authority on the board, expressly or by implication, to reinstate one whose certificate has been canceled for unprofessional conduct, or to revive and restore such revoked and canceled certificate; that mandamus will not issue to compel the doing of a useless act, and, if appellant desired to practice in his said profession, he may apply to the board for the issuance of a certificate as provided by statute. The demand served on the instant board of date of June 24, 1928—prior to the filing of this petition—was for reinstatement of his license revoked in December, 1923; the amendment seeking to compel the board to set aside and vacate the order of cancellation made and entered in December, 1923, after due notice. Section 334, Code. Petitioner's letter of date of October 25, 1923, acknowledgment to the board, denies the "jurisdiction of the court in this case," etc., and makes no question that the notice as to time was sufficient. The status of the petitioner in this respect is set out in his amended petition of the filing date of the 16th day of May, 1930. The decision in Naro v. State, 212 Ala. 5, 101 So. 666, as to notice of time for establishing a bill of exceptions cannot be applied here, as mandamus will not issue on the demand that the Board do what it had not the authority to ordain, enact, or revoke.

[1] Ante, p. 70.

The case of Smith v. Woolfolk, 115 U. S. 143, 5 S. Ct. 1177, 29 L. Ed. 357, said of notice that a party relying on the service of notice by mail must show a strict compliance with the requirements of the statute. The statute is (Code, § 334): "In all proceedings for a suspension or revocation of certificate or license, the holder thereof shall be given thirty days' notice, to prepare for a hearing, and he shall be heard in person, or by counsel or by both. All members of the board of dental examiners separately and severally, shall have the power to administer oaths, in the hearing of all matters arising in the course of their duties, and in such trials as are herein referred to. The board of dental examiners of Alabama may take oral or written proofs for or against the complainant, as it may deem will best present the facts. For the purpose of such hearing, the board of dental examiners of Alabama may require the attendance of witnesses, administer oaths and hear testimony, either oral or documentary, for and against the accused."

The notice here was by registered mail of date of October 20, 1923, and received by petitioner October 25, 1923, acknowledged October 25, 1923, and denying jurisdiction of the board of dental examiners, and saying further that "as soon as it is practicable for us to be in Alabama we will accept service and appear before your tribunal," and that he only called upon that body in July, 1927, requesting the reissue of his license "to practice dentistry in the State of Alabama on account of the fact that his license to practice dentistry in the State of Alabama had been revoked by the said Board on, to-wit, the 3rd day of December, 1923."

It is true the writ of mandamus has been employed to prevent an abuse of discretion by inferior tribunals, and to prevent a failure of justice where there is a clear right and "there is an absence of any other adequate remedy, or to correct an arbitrary action outside of the exercise of a reasonable discretion." Wilson v. Duncan, 114 Ala. 659, 21 So. 1017; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Ex parte Dowe, 54 Ala. 258; Foshee v. State ex rel. Messer, 210 Ala. 155, 97 So. 565.

In a matter touching the police power of government, as this does, we will not award the writ on the averred facts of the petition. The federal question as to due process was the subject of discussion in Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305, and authorities; 12 C. J. 1224, 1229, § 1006, pp. 1230, 1231; Jacob v. Roberts, 223 U. S. 261, 32 S. Ct. 303, 56 L. Ed. 429.

Appellant had, and acknowledged the notice by mail, declined its invitation of a hearing at the designated time and place, and more than thirty days thereafter the board acted in the revocation of its certificate of authority to further practice that profession within the state. Sections 9431, 9432, Code.

The court did not err in sustaining demurrer to the petition and dismissing the same on failure of amendment.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

