THOMAS M. CUNNINGHAM *v.* COUNTY OF HAWAII, A BODY CORPORATE AND POLITICAL SUBDIVISION OF THE TERRITORY OF HAWAII.

No. 2607

SUBMITTED DECEMBER 5, 1945.　　　DECIDED DECEMBER 17, 1945.

KEMP, C. J., PETERS AND LE BARON, JJ.

284

OPINION OF THE COURT BY KEMP, C. J.

.This is an interlocutory appeal by the sole respondent, county of Hawaii, from the decision, order and decree of the circuit judge overruling its demurrer.

Thomas M. Cunningham, petitioner, brought his suit against "County of Hawaii, a Body Corporate and Political Subdivision of the Territory of Hawaii," respondent, and prayed for a writ of mandamus to compel the respondent to repair a certain public road situated in the county of Hawaii.

Upon the filing of the petition an alternative writ of mandamus issued of which, omitting formal parts, the following is a copy:

"THE TERRITORY OF HAWAII, TO THE COUNTY OF HAWAII, BY ITS CHAIRMAN AND MEMBERS OF THE BOARD OF SUPERVISORS.

"WHEREAS, it appears to the Judge of the Third Circuit Court, Third Judicial Circuit, Territory of Hawaii, by the verified petition of Thomas M. Cunningham, that you have failed, neglected and or refused to maintain and or repair a 'public road' known, called and designated as the 'Wilder Road' located at Kaumana in the District of South Hilo, County and Territory of Hawaii;

"And it appearing to the Court from said petition, that the petitioner is entitled to have the above-named road repaired;

"And it further appearing, that an alternative writ should issue herein; and that the petitioner has no plain, speedy, or adequate remedy in the ordinary course of law;

"WHEREFORE, you are commanded, that you immediately upon the receipt of this Writ proceed to repair the 'Wilder Road' located at Kaumana in the District of South Hilo, County and Territory of Hawaii, or that you show cause before the Third Circuit Court at its Court Room in the Federal Building in Hilo, Hawaii, on Tuesday, the 17th day of April A. D. 1945 at 10 o'clock A. M., why you should not immediately proceed with the repair of the aforesaid road."

The demurrer which the circuit judge overruled purports to be a demurrer to the petition for the writ and was based on the following three grounds:

1. That the petition was not brought in the name of the Territory of Hawaii;

2. That the writ is not directed to the proper officials of the county of Hawaii;

3. That the power and authority of the county of Hawaii to repair any of its roads is not a plain official duty, purely ministerial, but one requiring the exercise of judgment and discretion.

Although the demurrant stated that it was demurring to the petition, ground 2 clearly challenges the sufficiency of the alternative writ and not the sufficiency of the petition.

We think that once the alternative writ issued the petition had performed its function and in all subsequent proceedings the alternative writ took its place. (McQuillin, Municipal Corporations [2d ed.] § 2734.) Although a motion to quash is the more appropriate pleading, a demurrer to the alternative writ has been recognized by this court as a proper pleading. (*In re Sherwood*, 22 Haw. 381.) We, therefore, consider only ground 2 of the demurrer.

The specification of error based on ground 2 of the demurrer raises the question of whether mandamus will lie against a municipal corporation rather than an official or officials of such corporation to compel the performance of a duty imposed upon such official or officials of the municipal corporation. The question as applied to this case may be stated more concretely to be whether or not the chairman and members of the board of supervisors rather than the municipal corporation are the only proper parties respondent in such a case as this.

The following are the pertinent territorial statutes on the subject of parties in mandamus:

"This is an Order issuing in the name of the Territory, by the supreme court or any justice thereof or a circuit judge, and addressed to an individual, or corporation, or court of inferior jurisdiction, directing him or it to perform some certain act belonging to the place, duty or quality, with which he or it is clothed." (R. L. H. 1945, § 10261.)

"The order may be directed to individuals, whether holding offices or not, to corporations and to judges of inferior tribunals. * * *

"It may be directed to public officers to compel them to fulfil any of the duties attached to their office, or which may be legally required of them." (R. L. H. 1945, § 10263.)

The statutes empowering and authorizing the counties and certain of their officers to maintain their roads are as follows:

Revised Laws of Hawaii 1945, section 6202, paragraph 3, which provides in part that, "Each county shall have the following powers * * * (3) * * * to open, construct, maintain and close up public streets, highways, roads, alleys, trails and bridges within its boundaries."

Revised Laws of Hawaii 1945, section 6113, which pro-

vides in part that, "The several boards of supervisors or other governing bodies of the several political subdivisions of the Territory have the general supervision, charge and control of all public highways, roads, alleys * * * ." In the absence of any provision of law to the contrary the provision of the foregoing section applies.

The appellant argues that the foregoing statutes demonstrate that the county is not a proper party respondent; that the members of the board of supervisors, the governing body of the county to which the legislature has by section 6113 of the Revised Laws of Hawaii 1945 entrusted the general supervision, charge and control of all public roads within the county, are the only proper parties respondent.

No local authority for or against the right to have a writ of mandamus against a municipality in its corporate name has been called to our attention and we know of none. There is, however, ample authority from other jurisdictions on the subject.

The appellant cites and relies upon the following authorities:

McQuillin, Municipal Corporations (2d ed.), section 2735, states the rule as follows: "The ancient rule in mandamus proceedings was to direct the writ to the municipal government by its corporate name, while the modern practice is to direct it to the several members of the municipal government charged with the duty to be performed. 'The advantage in pursuing the latter course is shown in this: that while the duty can be as clearly commanded in the one form as in the other, yet when it becomes necessary to compel obedience by attachment, such writ cannot be enforced against the corporation in its corporate name. The names of the persons composing the governing body of the municipality must be brought before the court that they, in their official capacity may,

by the mandate of the court be compelled to perform the required function.' "

In High's Extraordinary Legal Remedies (2d ed.), section 337, it is said that in this country the earlier rule has not been followed, and it seems to be settled that the writ may properly be directed to the mayor and aldermen without running to the municipality in its corporate name.

In 20 Annotated Cases 848, there is an extensive note entitled, "Mandamus to Compel Municipalities to Repair Streets." An examination of the many cases cited and digested in this note fails to disclose a single instance in which the writ was directed against the municipality in its corporate name. The writ invariably ran against the individual or individuals upon whom the duty to repair the roads rested, under the law or the charter of the municipality.

In *City Council of Eufaula* v. *Hickman*, 57 Ala. 338, it was held that the names of the persons composing the governing body of the municipality must be brought before the court that they, in their official capacity, may by the mandate of the court be compelled to perform the required function; that they are required to act officially and collectively, but for failing to act they can only be attached and punished as individuals.

The reason given by the court for so holding is that when it becomes necessary to compel obedience by attachment such writ cannot be enforced against the corporation in its corporate name.

*The People ex rel.* v. *City of Bloomington*, 63 Ill. 207, was an application for a writ of mandamus to compel the mayor and city council of the city of Bloomington to remove obstructions from Lumber Street in that city.

An alternative writ was directed "To the Mayor and City Council of the City of Bloomington, Illinois."

The trial court sustained a general demurrer to the

alternative writ and gave judgment for the defendants.

In reversing the judgment from which the relator appealed, the supreme court said: "It is *prima facie* the duty of the mayor and city council of the city of Bloomington to keep the streets of the city free from obstructions. The charter gives the city council full power to keep in repair the streets, and to provide for keeping them in repair, and to prohibit obstructions therein. This power is granted to be exercised for the public benefit, and its execution can be insisted on as a duty. *City of Bloomington* v. *Bay*, 42 Ill. 503, *Chicago City* v. *Robbins*, 2 Black, 418.

"This power having been given to the city council, and the charter providing that the mayor shall preside at its meetings, and, in case of a tie in any vote of the council, shall give the casting vote, the writ was properly directed to the mayor and city council in their official capacity, instead of to the city of Bloomington, requiring them to do the particular thing specified in the writ, which appertains to their office and duty. *The People ex rel.* v. *Common Council of Syracuse*, 20 How. (N. Y.) 491."

*Peck* v. *Board of Supervisors*, 90 Cal. 384, was a proceeding in mandamus against the board of supervisors of Los Angeles County to compel the said board to clear of obstructions and repair a certain road in Los Angeles County. Respondent's demurrer was sustained and the supreme court of California in affirming the order, after reciting that by one section of the California statutes the boards of supervisors were given general supervision over roads within their respective counties, and by another section it was made the duty of road overseers, under the direction and supervision of the road commissioners and pursuant to orders of the board of supervisors, to take charge of highways within their respective districts and to keep them clear from obstructions and in good repair,

held that writs of mandamus are issued only to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station, and that the duty was upon the road overseer and he should at least have been made a party to the proceeding.

*The People* v. *Dixon,* 346 Ill. 454, 178 N. E. 914, and *Williams* v. *Board of Dental Examiners of Alabama,* 223 Ala. 417, 133 So. 11, are to the effect that the writ must be directed against persons in office and not alone against the office or board.

The appellee, in support of its contention that the writ is properly directed, cites and relies upon section 6202 of the Revised Laws of Hawaii 1945 and various decisions of this court to the effect that a county may sue and be sued in its corporate name and that each of the counties is a body corporate and politic and as such has all the powers and authority prescribed by law, the same to be vested in and be exercised by a board of supervisors.

The appellee also relies upon *Commissioners* v. *Sellew,* 99 U. S. 624, and *Leavenworth* v. *Kinney,* 154 U. S. 642. In *Commissioners* v. *Sellew, supra,* the alternative writ was directed to the board of county commissioners of Leavenworth County, Kansas, and to the individual members of the board, and was served on the clerk of the board and upon each of the individual members of the board. The board appeared specially and moved to quash the alternative writ, and the several individual members of the board answered. The peremptory writ was ordered "to and against the board of county commissioners of the County of Leavenworth" alone.

In *Leavenworth* v. *Kinney, supra,* the writ was directed to the mayor and council of the city of Leavenworth without naming them as individuals, and the objection was that it should have been directed to the persons who were mayor and councilmen.

In each of the foregoing cases the object was to compel the levy of a tax sufficient to discharge a judgment which the relator had obtained against the county of Leavenworth in one and against the city of Leavenworth in the other, and it was held that the writs were properly directed.

In *The Mayor* v. *Lord*, 76 U. S. 409, the writ was addressed to the mayor and aldermen of the city of Davenport, Iowa, to compel the levy of a tax to pay a judgment against the city of Davenport. A motion was made to quash the writ. One ground of the motion was that it was erroneously directed to the mayor and aldermen. The opinion discloses that the city of Davenport was incorporated by the name and style of the city of Davenport and by that name was to have power to sue and be sued, to implead and be impleaded, in all courts of law and equity and in all actions whatsoever. And it was contended that the writ ought to have been addressed to the corporation by its legal name.

The motion to quash was denied and the supreme court in affirming said: "The point that the writ was misdirected is not well taken. The direction was substantially correct, and the court properly disregarded the objection."

We fail to see wherein any of the authorities relied upon by the appellee support his theory that the alternative writ was properly directed. The county of Hawaii was the sole respondent and the fact that the alternative writ was directed "To the County of Hawaii, By Its Chairman and Members of the Board of Supervisors" does not bring the writ within the modern rule to the effect that the governing body of the municipality, either as a body or the persons composing the body, must be brought before the court that they, in their official capacity, may by mandate of court be compelled to perform the required function.

The record before us indicates that neither the board of supervisors as a body nor the persons composing the board were before the court so that by mandate of the court they could be compelled to perform the required function.

The point that the writ was not directed to the proper officials of the county was well-taken and on that ground the demurrer should have been sustained.

Other grounds of the demurrer need not be considered, but we deem it proper to call attention to the fact that the alternative writ is deficient in that it fails to contain even the substance of the facts upon which the petitioner relies for the relief asked. The law on this subject is well-stated in McQuillin, Municipal Corporations (2d ed.) § 2734, as follows: "The alternative writ is usually regarded as the first pleading under the practice in most jurisdictions in mandamus proceedings, and stands in the place of a petition or complaint in an ordinary common law action. Such writ should set forth all the matters stated in the petition or complaint, so that the respondent may be informed of the grounds on which the relief is asked. That is, it should contain the substance of the petition or complaint stating how the relator claims to be entitled to the relief he seeks by directing the defendant to do the thing required, or to show cause why he has not done it or should not do it. The issues are to be made upon the return to the alternative writ. It is to the writ itself, not to the petition, or complaint, that the law governing the procedure in many jurisdictions requires the defendant should make his return, and to the facts set up in the return the relator ordinarily must plead or traverse, and the defendant usually replies or demurs. For this reason the attorney of the relator should look to the proper preparation of the writ, and not entrust that duty to the clerk."

The order appealed from is reversed, and the cause remanded for further proceedings consistent herewith.

*M. Pence* and *T. Okino,* attorneys for respondent-appellant.

*W. H. Beers* and *T. Monden,* attorneys for petitioner-appellee.

