## THE EMPIRE TRANSPORTATION COMPANY *vs.* FRANK P. JOHNSON.

Third Judicial District, New Haven, June Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

It is error to award damages for a threatened injury only, in the absence of any act of omission or commission.

A threatened but groundless action of replevin will not be enjoined, if it is apparent from the allegations of the complaint that the anticipated injury, if committed, can be measured and redressed in the replevin action itself, or in an action on the replevin bond.

A mere allegation that the loss or injury will be irreparable, if an injunction is not granted, is not enough: facts must be stated showing that such apprehension is well founded.

The owner of freight barges, who is wrongfully deprived of their use for a time in his transportation business, can ordinarily charter or hire others to take their place, and thus fulfil his contracts. Under such circumstances his injury is not, and in the nature of things cannot be, so subtle or extraordinary as to be incapable of measurement and redress in an action at law for damages.

Argued June 3d—decided July 24th, 1903.

ACTION to restrain the defendant from replevying certain coal barges, brought to and tried by the Court of Common Pleas in New Haven County (*Hubbard, J.*), upon a demurrer to the complaint; demurrer overruled and judgment for plaintiff, from which the defendant appealed. *Error, judgment set aside and cause remanded.*

*James H. Webb* and *John Wurts*, for the appellant (defendant).

*Prentice W. Chase*, for the appellee (plaintiff).

PRENTICE, J.   The complaint prays for damages and an injunction restraining the defendant from instituting replevin proceedings to recover the possession of certain coal barges.   The defendant demurred to the complaint, which demurrer the court overruled.   The defendant thereafter refusing to answer over, judgment was rendered in favor of the plaintiff to recover $1 damages, and for a permanent injunction as prayed for.

There are two reasons of appeal, to wit: (1) that the court erred in overruling said demurrer, and (2) that the court erred in rendering a judgment for damages.

The second claim of error is clearly well founded.   The complaint seeks to restrain a threatened act.   No act is alleged to have been committed or duty omitted, and no damage caused.   There was no foundation, therefore, for a judgment in damages.   *Foot* v. *Edwards*, 3 Blatch. (U. S.) 313; *Wildman* v. *Wildman*, 70 Conn. 700.

There remains to be considered the propriety of the action of the court in overruling the demurrer.   In so far as the demurrer related to the prayer for damages, no further comment is necessary.   In so far as it challenged the plaintiff's right to equitable relief by way of injunction, something further needs to be said.

The complaint, dated March 20th, 1903, alleges that the defendant was threatening to institute replevin proceedings against the plaintiff to obtain possession of five coal barges, two of them lying upon the bottom of New Haven harbor near to the plaintiff's dock, and three being in the plaintiff's service, and all claimed to have been purchased by the former of the latter, but never delivered.   The allegations of the first eight paragraphs of the complaint which, and which alone, deal with this aspect of the case, under the admissions involved in the demurrer, demonstrate that the present

defendant must have inevitably failed in any attempt to re-plevy the barges in question. The sufficiency of the plain-tiff's legal defense thereto is apparent.

Thus far the complaint discloses that the defendant was threatening to begin a baseless replevin action to recover the barges. The balance of the complaint is confined to a state-ment of the damage which would result to the plaintiff in its business if the replevy was made. The resort to equitable intervention is sought to be justified upon the ground of the extent and nature of this prospective damage. It is not sug-gested that the defendant, in the course of action he was threatening to pursue, was actuated by malice, wantonness, or bad faith. There is no allegation that in the progress of the proceedings at law the plaintiff would be deprived of the benefit of any claim or defense of purely equitable cogni-zance. It is not claimed that the barges were in any sense unique, or possessed of any peculiar or extraordinary value either in themselves or to the plaintiff. The plaintiff rests his right to the equitable relief prayed for, upon the sole ground that his loss of the use of the three barges above water, which would result from their replevy, would entail upon him pecuniary injury of such a character and magni-tude that the defendant ought not, in equity and good conscience, to be permitted to resort to the process at law prescribed by statute for the recovery of goods or chattels by one who claims that they are wrongfully detained from him.

The allegations made in support of this contention are, in substance, that the plaintiff is a corporation engaged in the business of transportation on the waters of Long Island Sound and elsewhere ; that it daily uses in said business a large number of coal barges, including the three in question ; that prior to the date of the writ it had, "in calculating the necessity of its carrying capacity, considered as available the three said coal barges, and had entered into various under-takings wherein said barges were essential to the carrying on of its business " ; that the period of time during which said threatened replevin action would be pending would be the most active period of the year in the plaintiff's business,

and that if said writ of replevin issued the plaintiff would be deprived of the use of said three barges, with the result that it would thereby be irreparably damaged through its inability to transport the freight necessary to carry on its usual business, its inability to supply the demands of patrons and perform its contracts, with the attendant loss of earnings and patronage, both temporary and permanent, and its subjection to litigation.

The language in which these results are portrayed is somewhat strong, and the resulting injury is declared to be irreparable. The mere allegation that irreparable injury would ensue is, however, not sufficient, unless facts are stated showing the apprehension to be well founded. *Blaine* v. *Brady*, 64 Md. 373; *Balfe* v. *Lammers*, 109 Ind. 347; *Thompson* v. *Williams*, 54 N. Car. 176; *Watson* v. *Ferrell*, 34 W. Va. 406; *Branch Turnpike Co.* v. *Supervisors of Yuba Co.*, 13 Cal. 190.

The facts stated, shorn of the color which is given to them, resolve themselves into this : that the plaintiff, having made business arrangements and contracts with a regard to the carrying capacity of " a large number of coal barges," would be deprived of the use of three of this large number if the defendant should carry out his purpose to replevy them. There is no allegation that coal barges were not obtainable in plenty in substitution for those replevied ; none that the service which they were expected to perform could not readily be procured to be performed by means of charter parties or contracts of affreightment. In the absence of such or similar allegations, it cannot be presumed that coal barges were so rare or so hard to secure, and that barge transportation was so out of the reach of the plaintiff, that the payment of a reasonable compensation, either as freight charges or demise rentals, would not have fully supplied the lack of the three in question, and prevented all the dire consequences resulting from their replevy, which are so glowingly pictured in the complaint. Without this presumption, it would appear from the complaint that the only injury to the plaintiff that such replevy

could portend, was one substantially measured by the additional expense which might be incurred in the ways indicated. Such injury could not in the nature of things be either so extraordinary as not to be the subject of adequate compensation in damages, or of such a nature as to elude discovery or ascertainment, or be incapable of measurement by pecuniary standards. Nor would the means of redress and satisfaction be wanting. The statutory provisions regulating proceedings in replevin furnished that, through the bond required to be given. The anticipated injury could not, therefore, have been in any sense irreparable. Neither could it have partaken in any other way of the peculiar nature of some injuries which, as being not susceptible of adequate redress at law, courts of equity seek to prevent. Special equitable features are entirely lacking. The situation discloses nothing but the ordinary elements of business interference and pecuniary damage, which so commonly attend the causes of litigation at law, and which courts of law are intended to redress and are capable of fully and completely redressing. Of the circumstances of this case it might well be said, as was well said in another cause, that if courts of equity should interfere in such cases they would draw to themselves the greater part of the litigation properly belonging to courts of law. *Francis* v. *Flinn,* 118 U. S. 385.

There is error, the judgment is set aside, and the cause remanded with directions that said demurrer be sustained.

In this opinion the other judges concurred.