(123 So. 33)

### WRIGHT v. ALDRIDGE et al., Members of Alabama Board of Public Accountancy.
(3 Div. 890.)

Supreme Court of Alabama.   May 23, 1929.

Rehearing Denied June 27, 1929.

James S. Edson, of Birmingham, for appellant.

W. B. Harrison, of Birmingham, for appellee.

BROWN, J.   The appellant filed his petition in the circuit court of Montgomery county, alleging that prior to the month of September, 1921, "he was a duly licensed certified public accountant and as such was engaged in the practice of his profession at Montgomery, Alabama, having theretofore been duly licensed" by the Alabama board of public accountancy; "that during the month of September, 1921, the said board· entered an order revoking his certificate because of certain unprofessional conduct alleged to have been practiced by" him; that during the month of December, 1928, ·he filed with the secretary of the board a petition for rein-

statement "and for the return of his certificate as such certified public accountant; that upon the filing of said petition, as aforesaid, a date was set for the hearing thereof; that upon the hearing of said petition for reinstatement" the said board "entered an order or decree refusing to take jurisdiction of and to entertain said petition and denying the application of your petitioner on the ground and for the alleged reason that said board had no jurisdiction or authority to entertain said petition for reinstatement," and praying that a writ of mandamus be granted, commanding the board of public accountancy to take jurisdiction of and hear the petition for reinstatement.

The respondent board, waiving the issuance of the rule nisi, appeared and filed a demurrer to the petition, asserting that the statute confers on it no authority to reinstate an accountant whose certificate had been revoked. The demurrer was sustained, and, the petitioner declining to plead over, the petition was dismissed.

The statute authorizes the board after an examination testing the knowledge of the applicant as to the "Theory of Accounts," "Practical Accountancy," "Auditing," "Commercial Law as Affecting Accountancy," and such other branches of knowledge pertaining to accountancy as the board may deem necessary to maintain the highest standard of proficiency in the profession of practical accounting, to issue certificates under their signature and official seal to "any citizen of the United States, residing or having a place for the regular transaction of business in the State of Alabama, over the age of twenty one years and of good moral character, to charge each applicant for a certificate, a fee not exceeding the sum of twenty-five dollars, the same to be paid when the application is filed. The fund arising from such fees is to be used in paying the expenses of the board, including mileage, hotel expenses, and an amount not to exceed ten dollars per day, for the time expended in conducting examinations and issuing certificates. Said board may, in its discretion, register the certificate of any certified public accountant under the law of another state, and may issue to such certified public accountant a certificate which will entitle him to practice as such public accountant and to use the abbreviation 'C. P. A.' in this State, provided the State issuing the original certificate grants similar privileges to public accountants of this State."

The board is given authority to adopt a seal, adopt and enforce all necessary rules, regulations, by-laws, etc., to govern its proceedings and regulate the mode of conducting examinations, and to hold such examination at least twice a year in the city of Montgomery; to revoke, for cause after notice and full hearing to the holder, certificates issued by them, or cancel the registration of certificates registered under the provisions of the statute. Code of 1923, §§ 16–21.

■ The effect of the holding in Lehmann v. State Board of Public Accountancy et al., 208 Ala. 185, 94 So. 94, is that the board created by Act of 1919, p. 124. now incorporated in the sections of the Code. above cited, is a governmental agency, invested with "certain governmental powers;" and, in the more recent case, that some of the powers conferred by the act are judicial or quasi judicial, subjecting the action of the board to review and revision by the courts. State ex rel. Miller v. Aldridge et al., 212 Ala. 660, 103 So. 835, 39 A. L. R. 1470. Nevertheless, it is clear that the board so created is of statutory and limited power, and that it has no powers other than those conferred by the statute of its creation, and, according to the general rule applicable, the exercise of these powers can only be invoked in the manner and mode prescribed by the statute. Lamar v. Commissioners' Court of Marshall County, 21 Ala. 772; Wiley v. State, 117 Ala. 158, 23 So. 690.

■ The statute clearly confers no authority on the board, either expressly or by necessary implication, to reinstate one whose certificate has been canceled for unprofessional conduct, or to revive and restore to life a certificate so revoked and canceled; and, if such certificate was restored to the petitioner, it would confer no authority on him to practice as a certified public accountant.

The case of Ex parte Peters, 195 Ala. 67, 70 So. 648, is not an apt authority sustaining the appellees' contention. All that was there authoritatively decided was that the Supreme Court had no jurisdiction to entertain a petition to reinstate an attorney at law so as to authorize him to practice his profession, resting that conclusion on the ground that the jurisdiction of this court in respect to such matters was statutory and strictly appellate. What was said there in respect to the power and authority of the circuit court was dictum. Still, if that dictum is sound, it deals with the jurisdiction and powers of the circuit court, a creature of the Constitution clothed with the general power of administering justice, and on fundamental principles invested with extensive inherent powers. 7 R. C. L. 1033, § 62.

■ It is too well settled to require the citation of authority that mandamus will not be issued to compel the doing of a useless act. If the appellant desires to practice as a certified accountant, he may apply to the board for the issuance of a certificate as provided by the statute.

The judgment of the circuit court is free from error and will be affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.