PETER LAZAREVICH *vs.* ROBBINS B. STOECKEL, STATE COMMISSIONER OF MOTOR VEHICLES.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 7th—decided July 25th, 1933.

*Franklin Coeller,* for the appellant (plaintiff).

*Bernard A. Kosicki,* Assistant Attorney-General, with whom, on the brief, was *Warren B. Burrows,* Attorney-General, for the appellee (defendant).

MALTBIE, C. J.   The complaint alleges that the plaintiff has for a number of years conducted a gasoline station and store for the sale of automobile accessories in the borough of Guilford, and has operated the gasoline station under a certificate from the commissioner of motor vehicles issued in accordance with the provisions of Chapter 84, § 1659 and following, of the General Statutes, as amended by § 310a and following of the Cumulative Supplement of 1931; that he purchased certain premises on the same street lying one hundred feet easterly and desired to remove the location of his business to them; that he procured from the warden and burgesses of the borough a certificate of approval of the location of his gas station on them, which was filed with the commissioner; that the commissioner thereafter notified him that he had caused an examination to be made of the premises and found that the location of the station on them would imperil the safety of the public; that the commissioner refused to issue the necessary certificate to enable him to operate the station there and that in so doing he acted illegally, arbitrarily and in abuse of his discretion; that by this refusal the plaintiff has been deprived of his right to conduct his business and earn his living upon the premises, thereby causing him irreparable injury pending the determination of an appeal from the decision of the commissioner; and that he has no adequate remedy at law.   The relief sought was a temporary and permanent injunction to compel the commissioner to issue to him a certificate to operate

the gas station. The defendant demurred to the complaint upon several grounds not necessary to rehearse, the trial court sustained the demurrer and, the plaintiff refusing to plead further, judgment was rendered for the defendant.

The statute to which we have referred provides that no gasoline station situated as would be that which the plaintiff intended to operate, can be established or maintained unless a certificate shall first be secured from the commissioner stating that the business will not imperil public safety; and it requires as a preliminary that any applicant for such a certificate shall file with the commissioner an approval of the location, if it is in a borough, from the warden. The statutes also provide for an appeal by any person aggrieved by any action of the commissioner to the Superior Court for Hartford County. The commissioner, in acting upon an application for a certificate, is performing an administrative function and exercising a discretion which is reviewable only where he has acted arbitrarily, illegally or so unreasonably as to have abused that discretion. *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 145 Atl. 48; *Holley* v. *Sunderland,* 110 Conn. 80, 82, 147 Atl. 300. The applicant is not entitled to relief on an appeal unless he can show such a situation to exist and its existence is the very subject-matter of that appeal. Aside from such results as may be caused by the delay in disposing of an appeal, the remedy it offers is adequate to protect every right the applicant has and an injunction to compel the issuance of a certificate would not lie. See *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 617, 132 Atl. 30.

This is not an action to restrain the commissioner from revoking a certificate he has issued and so depriving the plaintiff of a right he has acquired under

the statutes. It is one to compel the commissioner to issue a certificate for a new location, and until the certificate has been secured the plaintiff has no right to conduct a gas station there. He is being deprived of no right pending an appeal from the refusal of the commissioner to issue the certificate. *Whitmore* v. *Hartford,* 96 Conn. 511, 114 Atl. 686, relied upon by the plaintiff, was an action to restrain the defendant city from carrying out a public improvement, and we held that an injunction would lie, although the plaintiff had taken an appeal under the charter from the assessment of benefits made in connection with it; but in that case the charter gave the city the right to enter upon the premises to carry out the improvement pending the appeal, and the scope of the appeal allowed by it did not permit an attack to be made upon the validity of the proceedings to carry out the improvement; and the case presented bears no resemblance to the one before us.

Again, the allegation in the complaint that the plaintiff is suffering irreparable injury by reason of the refusal of the commissioner to issue the license, is to be tested by the facts alleged. *Empire Transportation Co.* v. *Johnson,* 76 Conn. 79, 82, 55 Atl. 87; *Fitzgerald* v. *Merard Holding Co.,* 106 Conn. 475, 480, 138 Atl. 483. These are that the refusal of the commissioner has prevented him from conducting his business and earning his living upon the premises he has bought. But the complaint also alleges that he is still conducting his business at the old location, only one hundred feet away. Taking the complaint as a whole, it fails to allege facts substantiating the general allegation that the plaintiff will suffer irreparable injury pending an appeal from the commissioner's decision. Other considerations aside, the complaint fails to allege

a sufficient equitable basis for the relief claimed and the trial court was right in sustaining the demurrer.

There is no error.

In this opinion the other judges concurred.