## AETNA LIFE INSURANCE CO.

vs.

## FRANK S. BERGIN, ET AL.

Superior Court      Hartford County      File #56445

Present:  Hon. ERNEST A. INGLIS, Judge.

Day, Berry & Howard,      Attorneys for the Plaintiff.

**MEMORANDUM FILED JULY 7, 1937.**

INGLIS, J.   It is obviously the intent of the Liquor Control Act that there should be on every application for a permit, and, therefore, responsible for the conduct of the business

under it, either as permittee or backer, every person who owns the business. In cases, therefore, in which all of such owners cannot agree as to who the permittee should be and in which some of the owners refuse to unite in a single application no permit should be issued.

In the present case it appears that prior to July 2nd, 1934, either Clifford D. Perkins or Clifford D. Perkins, Inc., were the owners of the business conducted in the building known as the Heublein Hotel and the plaintiff held a mortgage on that building and its contents. On that day both Perkins and Clifford D. Perkins, Inc., transferred to the plaintiff the exclusive possession, custody and control of the mortgaged premises with full power to manage, operate, rent and lease it as a mortgagee in possession. Under such an agreement the mortgagee is bound to apply the profits realized on the operation of the property on account of its mortgage so that if the mortgage is redeemed the mortgagor is entitled to the benefit of them.

By virtue of the mortgage the plaintiff had obtained legal title to the real estate and fixtures. It had not obtained any title to or interest in the hotel business conducted therein. Accordingly the net result of the transaction of July 2nd, 1934, so far as the business was concerned, was, not to transfer to the plaintiff the ownership of the hotel business but rather to place that business in the control of the plaintiff to operate for the benefit of Perkins & Perkins, Inc., in the sense that, if they redeemed the mortgage, they would receive the net profits therefrom and a return of the business itself. The title to the business was not transferred but only the possession.

The Liquor Control Act requires that the "backers" be all of the "owners" of the business. **Sec. 1012 c (10) (11) Cum. Supp. 1935.** "Owners" as used in the Act means all of those persons who have combined in them both the title to and right to possession of the business. In that sense it is apparent that the owners of the hotel business in question at the present time are Perkins and Clifford D. Perkins, Inc., the holders of the title to the business and the plaintiff, the holder of the right of possession.

That being so, on the facts as they were presented on this application the Liquor Control Commission ought not to change the permittee under **Sec. 1085 c Cum. Supp. 1935** or to issue a permit to any permittee unless all of those parties unite

to accept the responsibilities of either permittee or backer.

Moreover this court should not undertake by way of injunction to usurp the province of the Liquor Control Commission. That is an administrative body whose functions are different in kind from the functions of a court. After the Commission has acted, the court on a proper appeal has jurisdiction to pass upon the question as to whether it has acted illegally or arbitrarily but that is quite a different thing from undertaking in advance of action by the Commission to direct it as to how it should act. The appeal from the decision of the Liquor Control Commission provides an adequate remedy at law.

**Lazarevich vs. Stoeckel, 117 Conn. 260.**

In any event the rights of the plaintiff in this case are not clear enough to entitle it to a mandatory injunction.

There does not appear to be enough likelihood that the Commission will issue a permit to the defendant Perkins alone or if it does that he will be able to carry on any business under it to justify the issuance of the injunction against him which is prayed for.

For the foregoing reasons the application for a temporary injunction is denied.