JOSEPH J. CIGLAR, JR. v. RUSSELL L. PATTERSON ET AL.
(LIQUOR CONTROL COMMISSION)

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE NO. 46954

Memorandum filed January 23, 1947.

*Milton J. Herman*, of Bridgeport, for the Plaintiff.

*William L. Hadden*, Attorney General, and *Pasquale Vioni*, Assistant Attorney General, for the Defendants.

DWYER, J.  Since 1937, the plaintiff has held a full permit for the sale of alcoholic beverages at his restaurant in Bridgeport.  In August, 1940, he installed the equipment for a game called "shuffleboard" in his place of business for the enjoyment of his customers, who have since used it without charge or any molestation.  On or about August 23, 1946, the defendants, constituting the liquor control commission, caused a letter to be delivered to the plaintiff advising that the commission "has issued a decision which prohibits the use or presence of shuffleboards on permit premises."  Further, the letter stated: "We trust that your shuffleboard will be removed as soon as possible, in accordance with the request of the Liquor Control Commission."  A like letter was forwarded to each permit holder on whose premises such a game was found.

The equipment includes a board about twenty-eight feet long and about thirty inches wide, resting on supports which make the playing surface about three and one-half feet above the floor. Also, there are thirteen-ounce metal weights which are manually propelled along the playing surface until the winning player reaches a score of twenty-one, thus ending the game. The game may be played for amusement only and some players acquire a degree of skill in controlling the course of the weights, but the game may also be played for stakes, and the step taken by the commission resulted from reports to the effect that the game was being played for large sums in many liquor outlets. The plaintiff admits that some of his customers have used his equipment to play for drinks, but it does not appear that the apparatus constitutes a gambling machine per se. *State* v. *Cieri*, 128, Conn. 149.

It is the plaintiff's contention that if the shuffleboard is removed from his restaurant he will lose at least half of the trade he has built up over the past nine or ten years. If this is the fact, which seems hardly likely, it does not indicate much appreciation by a large percentage of his customers for the quality of food, drink or service supplied to them. At any rate, he seeks an injunction restraining the commission from "instituting any actions, suits or proceedings, or for forfeitures or penalties against this plaintiff, or against the property of this plaintiff, by reason of his continuing to operate his restaurant with a shuffleboard situated in the premises; and further restraining said Liquor Control Commission from holding or deeming the plaintiff herein an unsuitable person to hold a restaurant full liquor permit by reason of any action hereunder."

It is conceded that the action of the commission mentioned in the letter to the plaintiff was not tantamount to the adoption of a regulation under General Statutes, Sup. 1945, § 619h (Liquor Control Act), nor was such action published under Cum. Sup. 1935, § 1020c. However, under § 8 of the regulations adopted and published as required by law, "No . . . unlawful conduct of gaming of any kind shall be permitted or suffered upon any permit premises. . . "

The only disciplinary action which may be taken against a permittee by the commission would be to suspend or revoke the permit, but such action may be taken only for a violation of a statute or of a valid regulation adopted and published as pre-

scribed by the Liquor Control Act. *Loglisci* v. *Liquor Control Commission,* 123 Conn. 31, 37. In the event of such suspension or revocation, the permittee is given a right of appeal to this court, where every question as to the validity of the order of the commission may be raised. While such an appeal is pending, it operates "as a stay of all further proceedings to revoke or suspend such permit, except for some reason not involved in the appeal." Sup. 1945, § 638h.

On behalf of the commission, the claim is made that this right of appeal provides an adequate remedy at law which operates to bar intervention by a court of equity by way of injunction. The point is well taken, as it is difficult to see how any order of suspension or revocation will prejudice any permittee whose place of business remains open while his rights are being determined in a court of law.

The Supreme Court of Errors recognizes that equity will restrain the revocation of a license by an administrative board pending legal action to test the legality of the order of such board in cases where the revocation remains operative while the appeal is pending. See *Sage-Allen Co., Inc.* v. *Wheeler,* 118 Conn. 667, 673; *Lazarevich* v. *Stoeckel,* 117 Conn. 260; *Scudder* v. *Greenwich,* 127 Conn. 71. The present case is clearly distinguishable from those cited.

There is another reason for denying the relief sought, as it does not appear that the commission intends to enforce the "decision" mentioned in its letter. It has not demanded or commanded the removal of the shuffleboard nor has it threatened any disciplinary or punitive action, but has merely requested such removal. Indeed, it would be futile for the commission to attempt to enforce the "decision," for the reason that neither the statutes nor any properly adopted regulation forbids the presence of such a device in permit premises, and a mandatory order of removal would have no legal support and would be an arbitrary and capricious act. Thus there has been no invasion, either actual or threatened, of any legal right of the plaintiff.

Since the shuffleboard was not primarily or essentially designed for gambling purposes, the owner may keep it on the permit premises. If it is devoted to an illegal use, proof thereof will be readily obtainable and when such proof is at hand, the commission may exercise its authority to enforce § 8 of the regulations in such manner as to protect the public interest.

Judgment for the defendants, without costs, except that the judgment fee file will be charged against the plaintiff.