STATE EX REL. JAMES A. LACERENZA *v.* STANLEY H. OSBORN, HEALTH COMMISSIONER

BROWN, JENNINGS, ELLS, DICKENSON and DALY, JS.

Argued March 6—decided April 9, 1947

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellant (defendant).

*John M. Bailey,* with whom was *Nathan Aaron,* for the appellee (plaintiff).

BROWN, J. In this action for a mandamus to compel the defendant to issue, pursuant to § 2767 of the General Statutes, a certificate of registration to the plaintiff as a person entitled to practice natureopathy, these essential allegations of the alternative writ are undisputed upon the first defense of the defendant's return: The state board of naturaopathic examiners issued to the plaintiff on August 28, 1946,

a certificate of approval to practice natureopathy pursuant to his application, made as required by the provisions of § 545g of the 1943 Supplement, for a certificate without examination. On September 5, 1946, the plaintiff filed with the defendant this certificate, together with the $2 registration fee specified in § 2767. The defendant has refused to issue to the plaintiff the certificate of registration for which the statute provides. Without this he cannot practice natureopathy in this state.

The second defense alleged in substance that the certificate of approval issued without examination to the plaintiff by the board of natureopathic examiners was predicated upon the provision in § 1127c, Cum. Sup. 1935, that "Said board shall have power to enter into agreements of reciprocity with a board of natureopathic examiners in any other state whose requirements shall be equal to those of this state"; that the board had entered into an agreement of reciprocity with the board of natureopathic examiners of South Carolina, the requirements of which state for licensing natureopathic physicians "were not and are not equal to the requirements prescribed by the statute laws" of this state in that South Carolina does not have a board comparable to the Connecticut state board of healing arts before which, as in Connecticut, a written examination of the applicant is provided for, nor is an applicant in South Carolina required to pass a written examination before the board of natureopathic examiners, as here; and that therefore this reciprocity agreement was illegal and a nullity. The return further alleged that the United States School of Natureopathy, from which the plaintiff claimed to have graduated, was not an approved natureopathic college or institution recog-

nized as legal and reputable in this state under the requirements of § 2767.

The plaintiff demurred to this second defense on the ground that "the acts required to be performed by the [defendant under § 2767] are merely ministerial and give him no discretion," since the board of natureopathic examiners in issuing the certificate of approval to the plaintiff had acted under the authority validly delegated to it under the statutes. Section 2767 provides in part: "Any person who shall have . . . obtained a certificate of approval from said board shall, upon filing such certificate and statements as herein provided with the state department of health, receive from said department, upon the payment of two dollars, a certificate of registration, which certificate shall include a statement that the person named therein is qualified to practice natureopathy." The trial court sustained the demurrer, and upon the defendant's failure to plead over judgment was rendered for the plaintiff, from which the defendant has appealed to this court. The defendant concedes that, as stated in the words of the demurrer, his duty to issue the certificate of registration to the plaintiff was ministerial and not discretionary. See *Rosenthal* v. *State Bar Examining Committee,* 116 Conn. 409, 416, 165 A. 211. His sole claim is that, notwithstanding he had no discretion, upon the facts alleged in the second defense and admitted by the demurrer the court was unwarranted in making the ruling as a matter of law and thereby eliminating the possibility of introducing evidence in support of these allegations for consideration by the court in determining whether or not in the proper exercise of its discretion mandamus should issue.

"The writ of mandamus issues when the duty of which enforcement is sought is the performance of a precise definite act in relation to which the respondent has no discretion, when the right of the person applying for it is clear and he is without other adequate remedy. *American Casualty Ins. & Sec. Co. v. Fyler*, 60 Conn. 448, 459, 22 Atl. 494. . . ." *State ex rel. Foote* v. *Bartholomew*, 103 Conn. 607, 617, 132 A. 30. This is an accurate statement of the four elements which are essential to obtaining relief by mandamus, and the undisputed facts alleged in the alternative writ are sufficient to satisfy these conditions. The fact that these allegations establish the strict legal right of the plaintiff, however, is not of itself conclusive that he is entitled to relief by mandamus, because "the writ is not issued as a matter of right, but in the exercise of a judicial discretion which takes into account other considerations than the legal right of the relator. *Chesebro* v. *Babcock*, 59 Conn. 213, 217, 22 Atl. 145; *Williams, State's Attorney*, v. *New Haven*, 68 Conn. 263, 271, 36 Atl. 61; *Union Pacific R. Co.* v. *Hall*, 91 U. S. 343, 356." *State ex rel. Costelo* v. *Middlesex Banking Co.*, 87 Conn. 483, 487, 88 A. 861. Thus, as we explained in that opinion, adopting the language of the New York Court of Appeals, "It is a remedial process and may be issued to remedy a wrong, not to promote one, to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public and private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit or in aid of a palpable fraud. The relator must come into court with clean hands. . . ." *People ex rel. Wood* v. *Board of Assessors*, 137 N. Y. 201, 204, 33 N. E. 145. And, as we

have said more recently of a proceeding to enforce a right given by statute: "The plaintiff's right under the statute is not qualified, but absolute, although if it should appear that the right was to be asserted contrary to the public interest, the court might refuse its aid in mandamus proceedings." *State ex rel. Hansen* v. *Schall,* 126 Conn. 536, 543, 12 A. 2d 767.

While there is no doubt that the court in a mandamus proceeding has certain discretionary power and though it be assumed for the purpose of the decision in this case that matters affecting its exercise may properly be alleged as a defense in the return to the alternative writ, the question remains whether the allegations of the second defense furnish a factual basis sufficient to permit any exercise of this discretionary power by the court. It is the relator and not the board of natureopathic examiners who is the plaintiff here. The allegations of the second defense constitute a collateral attack upon the action of the board but do not impugn either the conduct or character or the professional ability or capacity of the plaintiff. To hold under such circumstances that the right given the plaintiff by statute to receive the certificate of registration should not be enforced, solely because of such infirmity in the prerequisites to the certificate of approval as was here alleged, would be "usurping the functions of the legislative department in making practical repeal of [this provision of] the statute." *State ex rel. Costelo* v. *Middlesex Banking Co.,* supra, 490. Therefore, we cannot hold that the situation as presented to the trial court upon the demurrer was one which warranted any exercise of discretion by it whereby justification could be afforded for denying the motion of the plaintiff that the defendant be ordered to issue to him the certificate of

registration to which he is legally entitled. The court did not err in sustaining the demurrer.

Although constrained to this conclusion upon the narrow issue presented by the demurrer in this case, it is only proper to observe that statutes of the nature here involved, designed as they are to safeguard the public from practitioners not properly qualified, should be strictly complied with by those charged with their administration, and if there is such disregard of their provisions as is here alleged it not only is to be condemned but, if requisite proof is available, suggests the propriety of proceedings for the suspension or removal of those guilty thereof.

There is no error.

In this opinion the other judges concurred.