STATE EX REL. ALFRED JOSEPH TORTORA v. STANLEY H. OSBORN, HEALTH COMMISSIONER FOR THE STATE OF CONNECTICUT

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 74493

Memorandum filed March 11, 1948

*Rocco Perna,* of Greenwich, for the Plaintiff.

*Harry L. Brooks,* Assistant Attorney General, for the State of Connecticut.

CORNELL, J. It is alleged in the alternative writ that on July 11, 1946, the Connecticut state board of natureopathic examiners issued to the relator a certificate of approval to prac-tice natureopathy in this State, in accordance with the provisions of General Statutes § 2770 as amended by § 1127c, Cum. Sup. 1935, 545g, Sup. 1943; that he filed said certificate of approval with the respondent and paid a $2 registration fee as required by § 2767 but the respondent refused and has since failed to issue to him a certificate of registration, without which under the provisions of § 2767 he may not lawfully practice the art or science of natureopathy in this state.

The granting of the certificate of approval without examina-tion to relator by the board of natureopathic examiners was based upon an agreement of reciprocity existing between this state, represented by said board and the state of South Caro-lina under the authority of § 2770 as amended by § 1127c and

§ 545g. When such board grants such a certificate it must be presumed that it does so in accordance with the applicable provisions of statute and its action is not subject to collateral attack. *State ex rel. Lacerenza* v. *Osborn,* 133 Conn. 530, 535. The substituted second defense contained in respondent's return, however, states in effect that the relator committed a fraud upon the South Carolina authorities in that in applying for a license as a natureopathic in that state he represented that he had been licensed to practice as such in the state of Michigan, which was untrue; that he held, instead, a license as a chiropractic from Michigan but corruptly used the latter to induce the South Carolina authorities to issue to him a license to practice natureopathy there; that it was on the basis of the license, so fraudulently obtained in South Carolina that the board of natureopathic examiners in Connecticut, under the agreement of reciprocity with South Carolina, issued the certificate of approval. In addition it is asserted that the relator fraudulently and corruptly conspired to have the license issued to him in South Carolina bear the date of the year 1941, when, in fact, it was not applied for until May 14, 1946. It is, in effect, alleged that the granting of the certificate of approval to relator was the response to fraud and imposition practiced by the relator on the board of natureopathic examiners.

While the act sought to be commanded to be performed in the present action is ministerial, yet: "The fact that these allegations establish the strict legal right of the plaintiff . . . is not of itself conclusive that he is entitled to relief by mandamus, because 'the writ is not issued as a matter of right, but in the exercise of a judicial discretion which takes into account other considerations than the legal right of the relator . . . The relator must come into court with clean hands.'" *State ex rel. Lacerenza* v. *Osborn,* supra, 534. The distinction between the *Lacerenza* case and the instant proceeding is that in the first mentioned, the allegations of the second defense . . . "do not impugn either the conduct or character or the professional ability or capacity of the plaintiff;" these contained in the Substituted Second Defense in the present cause do. If the allegations contained in the latter are proven upon the trial, it cannot be concluded that their subject-matter will not provide considerations justifying a refusal to extend the relief to which, otherwise, the relator would be entitled as a matter of strict legal right. There is no discretion involved in the performance of the act demanded of the state health commissioner; there is a duty to exercise discre-

tion upon the court whether its aid should be exerted to assist the relator if it be found that the allegations of the substituted second defense are true. This phase of the matter the demurrer does not reach.

Demurrer overruled.