## State ex rel. William D. Taylor *v.* Stanley H. Osborn, Health Commissioner

Maltbie, C. J., Brown, Jennings, Ells and Mellitz, Js.

Argued April 8—decided August 23, 1949.

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellant (defendant).

*Frederick L. Comley,* with whom was *Huntley Stone,* for the appellee (plaintiff).

MELLITZ, J. This is an action for a mandamus to compel the defendant to issue, pursuant to § 4390 of the General Statutes, a certificate of registration to the plaintiff as a person entitled to practice natureopathy in this state.

Section 4390 provides in part that a certificate of registration, which is in effect a license to practice,

shall be issued by the state department of health to any person who shall have obtained from the state board of natureopathic examiners a certificate of approval and who shall have complied with certain other statutory requirements not here in question. By § 545g of the 1943 Supplement to the General Statutes, the board was empowered to issue certificates of approval without examination to qualified applicants and to enter into reciprocity agreements with similar boards in other states whose requirements were equal to those of this state. On November 14, 1946, pursuant to the provisions of § 545g, the board issued a certificate of approval to the plaintiff without examination. He filed the certificate with the state department of health, paid the required fee, and applied for a certificate of registration, which the defendant refused to issue. On January 10, 1947, the plaintiff instituted these proceedings. Effective July 8, 1947, the legislature repealed § 545g, thereby terminating the authority of the board to issue certificates of approval without examination to practitioners from other states; Sup. 1947, § 753i; and on July 10, 1947, the board, without notice to the plaintiff and without a hearing, revoked the certificate of approval which had been issued to the plaintiff. Subsequently, the board reinstated the plaintiff's certificate of approval and notified the plaintiff and the defendant to that effect.

The refusal of the defendant to issue a certificate of registration to the plaintiff is based in part on the ground that, after the repeal of § 545g and the termination of the authority of the board of natureopathic examiners to issue certificates of approval without examination, the board was powerless to reinstate the certificate of approval issued to the plaintiff, hence the plaintiff does not possess the essential prerequisite to a certificate of registration. This overlooks the fact

that the rights acquired by the plaintiff when the board issued a certificate of approval to him on November 14, 1946, while the provisions of § 545g were in effect, are governed and determined by the law as it stood at that time. *Hart* v. *Board of Examiners of Embalmers,* 129 Conn. 128, 131, 26 A. 2d 780. The certificate of approval, when issued to the plaintiff, entitled him, as we shall point out, to a certificate of registration and so conferred upon him a special and valuable privilege; *Brein* v. *Connecticut Eclectic Examining Board,* 103 Conn. 65, 83, 130 A. 289; the statutes provided no appeal from the action of the board and the plaintiff could not be deprived of the certificate of approval legally without due notice and a full opportunity to be heard. *Hartford Trust Co.* v. *West Hartford,* 84 Conn. 646, 650, 81 A. 244. The purported revocation by the board of the certificate of approval issued to the plaintiff on November 14, 1946, without notice to the plaintiff or a hearing, was ineffective to deprive him of the privileges he acquired under the certificate. The effect of the failure of the board to accord him a full opportunity to be heard upon due notice is to invalidate the purported revocation, and the situation is as though the order of revocation had never been entered. The certificate of approval issued to the plaintiff on November 14, 1946, continues to remain in effect as of the date when it was issued and no reinstatement or other action by the board was required to keep it in force. The determination whether an applicant is qualified to practice natureopathy in this state rests with the board of natureopathic examiners, not the department of health, and the latter has no discretion in the ordinary situation to refuse to issue a certificate of registration to an applicant found qualified by the board and to whom the board has issued a certificate of approval. The function of the

department of health with relation to the issuance of a certificate of registration when the prerequisites set forth in § 4390 are complied with is ministerial; see *State ex rel. Lacerenza* v. *Osborn,* 133 Conn. 530, 533, 52 A. 2d 747; and the plaintiff is entitled to receive a certificate of registration from the defendant unless the latter's refusal to issue the certificate is otherwise justified.

The defendant attacks the validity of the certificate of approval issued to the plaintiff on the further ground that the reciprocity agreement with the examining board of South Carolina, on the basis of which the plaintiff's certificate was issued, was illegal because the requirements for licensure in South Carolina were not equal to those of this state, as required by our law. The determination whether the necessary requirements were present for the purpose of a valid reciprocity agreement with the examining board of South Carolina was within the province of the board of naturopathic examiners and is not subject to attack in this proceeding. *State ex rel. Lacerenza* v. *Osborn,* supra, 535; *Rosenthal* v. *State Bar Examining Committee,* 116 Conn. 409, 415, 165 A. 211.

As a further ground for his refusal to issue the certificate of registration, the defendant alleged that the certificate of approval received by the plaintiff was obtained illegally, through fraud and deceit, and that in obtaining it he perpetrated a fraud upon the state of Connecticut. This allegation was based on the charge that the plaintiff had obtained licenses fraudulently in the states of Tennessee and South Carolina which he used for the purpose of obtaining his certificate of approval without examination in this state; that the United States School of Natureopathy, from which the plaintiff claimed to have been graduated, was not a recognized natureopathic college or institution; and

that the plaintiff had practiced illegally without license in South Carolina. The trial court has found that these charges were not established by the evidence. The burden of proving the fraud alleged by the defendant rested upon him. The record discloses no ground for disturbing the conclusion of the trial court that the defendant failed in this proof, and no facts have been found warranting a finding of fraud as a matter of law.

There remains the question whether, although the defendant failed to establish fraud, relief by mandamus should be denied the plaintiff in the exercise of the court's discretion to withhold its aid where to grant the relief would be contrary to the public interest. *State ex rel. Lacerenza* v. *Osborn,* supra, 534, and cases there cited. We are dealing here with statutes designed to safeguard and protect the public from practitioners not properly qualified to engage in the practice of a branch of the healing arts, and the relief sought should not be granted without due regard to the question whether the public interest would be injuriously affected. The trial court has found no facts which impugn the conduct, the character, or the professional ability or capacity of the plaintiff, or from which it may be reasonably concluded that the performance of the act demanded of the defendant would be contrary to the public interest. There is nothing in the record to require a contrary conclusion.

There is no error.

In this opinion the other judges concurred.