CHARLES CROUCHLEY, JR., ET AL. *v.* LEO J. PAMBIANCHI ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 5—decided May 18, 1962

*Philip H. Smith,* for the appellants (plaintiffs).

*J. Harold Merrick,* for the appellee (named defendant).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant commissioner of motor vehicles).

ALCORN, J. The controlling issue before us is the jurisdiction of the trial court to entertain an appeal from the action of the defendant commissioner of motor vehicles in purporting to reinstate a certificate approving the location of a proposed gasoline station. The corrections which the plaintiffs ask to have made in the finding do not bear significantly on the issue.

On or about April 6, 1959, the defendant Pambianchi applied to the commissioner for approval of the location of a gasoline station in Ridgefield. General Statutes § 14-320. The application was accompanied by a certificate of approval dated March 31, 1959, issued by the Ridgefield zoning board of appeals. General Statutes § 14-321. This certificate bore the handwritten notation "Hearing of Mar. 20, 1959." The zoning board of appeals had actually held its hearing on Pambianchi's application to it for a certificate of approval on or about February 16, 1956. It had granted the application on or about March 7, 1956, and had notified Pambianchi of its action on or about March 20, 1956. On May 22, 1959, the commissioner issued his certificate of approval for the location. Subsequently, an affidavit by the chairman of the board of appeals and an affidavit by the Ridgefield town clerk, each dated October 31, 1959, and reciting that no hearing had been held by the board of appeals on March 20, 1959, came to the attention of the commissioner. Acting solely on the basis of these affidavits, the commissioner notified Pambianchi by letter dated

November 3, 1959, that the commissioner's approval of the location was revoked on the ground that it had been obtained by misrepresentation. Thereafter, a second affidavit by the chairman of the board of appeals, dated November 24, 1959, came to the attention of the commissioner. This affidavit recited the actual dates of the various steps taken by the board of appeals and stated that the chairman's endorsement of an incorrect hearing date on the certificate furnished by the board was made inadvertently and by mistake. As a result of this affidavit, the commissioner notified Pambianchi by letter dated November 25, 1959, that "the Commissioner's approval which was revoked on November 3, 1959, is hereby reinstated."

The plaintiffs, claiming to be aggrieved by the reinstatement, appealed to the Court of Common Pleas under § 14-324 of the General Statutes. The court concluded that the commissioner's action was proper and dismissed the appeal. The plaintiffs appeal from that judgment. The defendants claim that the court was without jurisdiction.

Appeals to the courts from administrative officers or boards exist only under statutory authority. *Young* v. *Tynan,* 148 Conn. 456, 457, 172 A.2d 190, and cases cited. Section 14-324, under which the plaintiffs appeal, provides: "Any person aggrieved by the performance of any act provided for in sections 14-319 to 14-323, inclusive, by . . . the commissioner [of motor vehicles] may take an appeal therefrom to the court of common pleas . . . ." The plaintiffs' appeal is "from the decision of the Commissioner of Motor Vehicles of the State of Connecticut purporting to reinstate a Certificate issued to Leo J. Pambianchi of said Town of Ridgefield under § 14-320 of the General Statutes . . . ."

Nothing in §§ 14-319 to 14-323 expressly authorizes the commissioner to reinstate a revoked certificate of approval. Section 14-320 provides that under specified circumstances no gasoline station shall be established or maintained "unless the person establishing or maintaining such station has procured from the commissioner a certificate stating that in the opinion of the commissioner the location of such station . . . will not imperil the safety of the public. The commissioner may revoke any such certificate whenever, in his opinion, such station will, by reason of its location, imperil the safety of the public." The quoted language impliedly authorizes the issuance of a certificate of approval of the location by the commissioner. Passing over the provision of the statute relating to the revocation of such a certificate, since it is not material to the issue before us, we find no language which expressly or impliedly authorizes the commissioner to reinstate a certificate which he has previously issued and revoked under circumstances such as are presented here. See *Wright* v. *Aldridge,* 219 Ala. 632, 633, 123 So. 33. We are not concerned, in the present case, with the correction of a clerical error in the commissioner's office. Since the reinstatement was not the performance of any act provided for in §§ 14-319 to 14-323, the plaintiffs had no right of appeal under the language of § 14-324.

The claim that there was no statutory authority for an appeal from the commissioner's action was first made in the brief filed by the defendants in this court. Since the claim is sound, the Court of Common Pleas was without jurisdiction to entertain the appeal, and we likewise lack jurisdiction. Judgment should have been rendered dismissing the ap-

peal for lack of jurisdiction. *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160.

· The limited issue presented in this appeal is disposed of by the discussion above. The procedure leading up to the action which was appealed from prompts us, however, to make the following additional observations. Pambianchi was required to obtain from the commissioner a license for the retail sale of gasoline. General Statutes § 14-319. Because of the intended site of his business, Pambianchi also had to obtain, and present to the commissioner, a certificate of approval of the location by the local zoning authority as a prerequisite to obtaining the commissioner's own certificate of approval of the location. §§ 14-321, 14-320. The certificate of the local authority must be presented within a reasonable time after local approval is granted. See *Milford* v. *Commissioner of Motor Vehicles,* 139 Conn. 677, 682, 96 A.2d 806. The presentation of the certificate more than three years after the approval by the local authority raises doubt as to its sufficiency as a basis for the issuance by the commissioner of his own certificate. The doubt is fortified by the indication in the record that the general administrative practice in the commissioner's office was to require the certificate of the local authority to be dated within six months prior to the date of the application for the retail license. Pambianchi had applied for a retail gasoline dealer's license on April 2, 1959. On presentation of the certificate of the local authority, the commissioner issued his own certificate approving the location. That action gave the applicant a valuable property right of which he could not be deprived without a hearing. *Lazarevich* v. *Stoeckel,* 117 Conn. 260, 262, 167 A. 823; see *State ex rel. Taylor* v. *Osborn,* 136 Conn. 83, 86, 68

A.2d 363. If we assume for present purposes that the commissioner could revoke his certificate if it had been improperly issued, he could not do so in the manner attempted here—by letter and without a hearing. Consequently, the purported revocation was void. The revocation being a nullity, the professed reinstatement was meaningless, owing to the fact that there was nothing to reinstate.

We digress to this length to negate any assumption that the result which we reach evinces an approval of the procedure followed.

There is error in the form of the judgment, it is set aside and the court is directed to render judgment dismissing the appeal for lack of jurisdiction.

In this opinion BALDWIN, C. J., KING and SHEA, Js., concurred.

MURPHY, J. (concurring in the result). I concur in the opinion of the court that the Court of Common Pleas lacked jurisdiction of the appeal and that it should be dismissed.

I do not agree with the balance of the opinion, which is obiter dictum in its entirety. There is nothing in § 14-320 of the General Statutes which gives the commissioner the power to revoke his certificate of approval unless the location imperils the safety of the public, and there is nothing in the record to indicate that a peril to public safety existed when the present certificate was issued or when it was revoked. On the contrary, a department inspector inspected the site before the certificate was granted, and the site was approved.

We should not attempt to regulate by dictum the operations in the executive department. Sections 4-41 to 4-50 of the General Statutes govern the adoption of and operation under departmental regula-

tions. There is nothing in this record to show that any departmental regulations pertaining to gasoline stations were in effect in the motor vehicle department. The procedural rule, it may be observed parenthetically, relates to the dates of the certificate of the local authority and the application for a license, and not to the dates of the decision by the local authority to grant the application for a certificate of approval and the commissioner's certificate of approval of location. The rule does not appear to be more than a guide established by one of the divisions within the department. There is no reference to the rule in the finding. It has nothing at all to do with the issues which the plaintiffs have raised.

In *Styles* v. *Tyler,* 64 Conn. 432, 450, 30 A. 165, we said that "[t]he 'Supreme Court of Errors' is not a supreme court for all purposes, but a supreme court only for the correction of errors in law." We cited that case recently in *Heiberger* v. *Clark,* 148 Conn. 177, 189, 169 A.2d 652. We should confine our comments to matters that are germane to the questions of law presented on the appeal and not digress into areas where we are trespassers.