[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS
The defendant Board of Education files this Motion to Dismiss, claiming lack of subject matter jurisdiction in this case brought by a teacher claiming she was wrongfully discharged from her tenured position.
The facts are not in dispute. The plaintiff Cynthia Mazurek is employed by the defendant Wolcott Board of Education. (Board). The plaintiff taught as a substitute teacher from February through June of 1992. She did not work for the defendant as a teacher until she was hired as a full time teacher for the school year — 1994-1995. She worked continuously for the Board from that time through the school year 1997-1998. Prior to April 1, 1998, after the board claimed that she worked less than 28 months, she was notified that the Board voted not to renew her contract for the school year 1998-1999. The plaintiff argues that when she was notified of the "termination" that she had already acquired tenure since at that time she had "completed thirty months of full time continuous employment"[1] with the Board. The plaintiff claims that she may tack on the four months she worked as a substitute teacher to the 28 months she worked as a full time employee because her reemployment with the board was within five years of the layoff.[2] The critical issue raised by this motion is whether the plaintiff was "laid off" after her February to June 1992 employment which would give her 30 months of CT Page 8955 continuous employment hence "tenure" under C.G.S. § 10-151
(a)(6)(A)(ii). The defendant claims that she was not laid off and that she can not tack on the four months she spent as a substitute teacher and that as a nontenured teacher she has no right to appeal a nonrenewal decision.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 627, 645-46 n. 13, 668 A.2d 1314 (1995).
"[The court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded. . . ." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). Page 310 NORRIS v. BOARD OF EDUCATION TOWN OF WATERFORD, No. 539528 (Jan. 9, 1998) 1998 Ct. Sup. 307 Page 309.
"It is well settled that appeals to the courts from the decisions of administrative boards may be taken only under statutory authority and absent such authority courts are without jurisdiction to entertain those appeals. East Side Civic Assn. v.Planning Zoning Commission, 161 Conn. 558, 560, 290 A.2d 348
(1971); Sheridan v. Planning Board, 159 Conn. 1, 10, 266 A.2d 396
(1969); Crouchly v. Pambianchi, 149 Conn. 512, 514, 182 A.2d 11
(1956). When considering and acting to terminate a teacher's employment contract, a board of education is an administrative agency although it acts in a quasi-judicial capacity. Conley v.Board of Education, 143 Conn. 488, 492, 123 A.2d 747 (1996);Miller v. Board of Education of Town of Monroe, 166 Conn. 189,191 (1974). Section 10-151(c) of the Teacher Tenure Act governs the termination or non-renewal of the contract of a tenured teacher. The Act provides no right of appeal for teachers without tenure whose contracts are not renewed. Id.; Drahan v. Board ofEducation of Regional School Dist. No. 18, 42 Conn. App. 480, CT Page 8956 487, appeal denied, 239 Conn. 921 (1996). If Ms. Mazurek did not attain tenure when the board voted not to renew her contract this court is without subject matter jurisdiction and must grant the Defendant's Motion to Dismiss.
This motion rests on whether the plaintiff was laid off after serving as a substitute from February through June of 1992. There is no question that this service was as a long term substitute for a teacher who was injured and was unable to return to her duties for the remainder of that school year. Ms. Mazerick, the plaintiff, did hold a certificate, required of long term substitutes, and did serve until the end of the school year in June of 1992. If she was laid off under C.G.S. § 10-151 (a)(6) (A) she would be able to tack on the four months of service in 1992 to the 27 months of continuous service from 1995 through 1998 which would give her in excess of 30 months of service and therefore would have acquired tenure. If the plaintiff did acquire tenure, the Board would not have the right to recommend a non-renewal of her contract. The issue then, is whether she was laid off in 1992 or whether she merely completed her long term assignment and was not rehired for another assignment.
Although C.G.S. § 10-151 sets forth various definitions applicable to teacher employment, it does not define layoff. The plaintiff urges the court look to the dictionary definition of the term. The plaintiff contends that the definition of "layoff" found in Webster's 7th New Collegiate Dictionary, "to cease to employ a worker" and the definition in Blacks Law Dictionary, 5th Edition, "[a] termination of employment at the will of an employer" creates a layoff for purposes of § 10-151. While the legislature does not define the term "layoff" the development of the statute suggests that the legislature intended a layoff to be more than simply becoming unemployed.
In Garavoy v. Board of Education of Regional School DistrictNo. 1, 178 Conn. 618 (1979), the Supreme Court interpreted the then existing § 10-151 (d)(5), providing that a teachers employment contract could be terminated upon the "elimination of the position to which the teacher was appointed, if no other position exists to which he or she may be appointed if qualified", to mean that a position must be vacant in order for a tenured teacher occupy it. The legislature responded by passing P.A. 80-354 which added the language permitting termination to also include a "loss of a position to another teacher". The legislature intended the phrase "loss of position to another CT Page 8957 teacher" to result if a senior teacher bumped a junior teacher from a position because the senior teacher's position was eliminated. 23 H.R. Proc., Pt. 13 1980 Sess., p. 3776; Conn. Joint Standing Committee Hearings, Education, 1980 Sess., p. 535. This process would trigger layoff procedures contained in Conn. Gen. Stat. § 10-151(d)(5). These developments demonstrate that the legislature intended or recognized that certain events will trigger a layoff and its accompanied procedures. The plaintiff does not assert that her long term substitute position was eliminated or that she was "bumped" by the returning regular teacher. The regular teacher returned and stayed in her own position until 1996. The plaintiff only states, on page 5 of her memorandum, that her assignment "continued until the end of the school year in June 1992." The development of Conn. Gen. Stat. § 10-151(d)(5) demonstrates that the term layoff applies to more than a state of becoming unemployed to trigger the statute's layoff procedures.
It is clear that the term layoff as used in C.G.S. § 10-151(d)(5) requires a reduction in the work force. Ms. Mazurek's employment as a substitute teacher was temporary. She was hired to temporarily replace a teacher who was disabled for the remainder of a school year. Her employment was not "terminated" at the end of the school year, it simply ended at that time since she had completed the period for which she was hired. The plaintiff was not "laid off" as she claims and therefore has not completed thirty months of fulltime continuous employment which would qualify her for tenure. As a nontenured teacher the plaintiff has no right to appeal a nonrenewal decision.
The defendant's Motion to Dismiss is granted.
PELLEGRINO, (J)