THOMAS KELLY ET ALS. *vs.* THE CITY OF WATERBURY.

Third Judicial District, Bridgeport, April Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

In the absence of facts showing that irreparable injury will result to the landowner, an injunction to restrain a city from moving buildings upon land which the municipality claimed to have taken for the layout of a street, may well be refused if, as in the present case, the validity of the assessment of damages for such taking can be determined upon an action at law by the landowner, either to recover the amount of damages awarded him, or for trespass for entering upon his land before having paid him therefor.

Submitted on briefs April 16th—decided June 10th, 1909.

ACTION to restrain the defendant from removing buildings situated on the plaintiffs' land and interfering with their property claimed to have been taken by the defendant by a new layout of one of its streets, brought to the Superior Court in New Haven County and reserved by the court, *George W. Wheeler, J.,* upon an agreed statement of facts, for the advice of this court. *Judgment advised for defendant.*

*Edward B. Reiley* and *Terrence F. Carmody,* for the plaintiffs.

*William E. Thoms,* for the defendant.

THAYER, J. Upon and prior to December 20th, 1906, such proceedings were had by the board of aldermen and other officers of the city of Waterbury that it claimed to have made a new layout of James Street, and to have taken for the public use in so doing lands belonging to the plaintiffs, whereon buildings or parts of buildings are standing. The damages in excess of benefits accruing to each of the plaintiffs were assessed to each, and they were notified that unless the buildings or parts of buildings standing upon the land taken were removed on or before July 8th, 1907, the defendant would proceed to remove them. This suit is brought to prevent such action on the part of the defendant, and a temporary injunction was secured to prevent it pending the litigation.

Prior to July 8th, 1907, demand upon the treasurer and comptroller of the city was made by the plaintiffs for sums which had been assessed to them for the taking of their land, and those officers refused to pay the same. The defendant claims that by an amendment of its charter (14 Special Laws, p. 773, § 1) such damages are payable only after the work of the new layout is completed. It is ready and willing to pay now if it is legally bound to pay before the work is done. The plaintiffs claim that the pro-

vision of the amendment to the charter, which postpones the payment of the damages until the completion of the work, violates the constitutional provision that the property of no person shall be taken for public use without just compensation therefor. They claim also that the layout and assessment were illegally made, because the expense thus incurred exceeded the amount in the city treasury appropriated to "Streets, New Work" for the fiscal year ending December 31st, 1906, and thus violated a provision of the defendant's charter that the city shall not in any fiscal year "incur any liability or expense, by contract or otherwise, . . . for any object or purpose for which an appropriation has not been made " or in excess of the appropriations for any purpose. 12 Special Laws, p. 459, § 92.

The claims thus made are fully discussed in the briefs upon which the case is submitted; but it will be unnecessary to consider them, because the agreed statement of facts shows that the plaintiffs have adequate remedy at law.

If the assessments are legal, the plaintiffs can recover whatever is due them in an action at law, whether payable before or after the work of improvement is completed. If the layout is illegal and the city wrongfully enters upon the plaintiffs' land, it will be liable in an action at law for trespass, and in such an action the validity of the assessment can be as effectually tried as in the present action. The agreed statement of facts upon which this case is reserved for advice does not show that any irreparable injury will result to the plaintiffs should the city proceed as it threatens to do to enter upon their land.

The plaintiffs have demanded the amounts assessed in their favor, and it is evident that the real question between the parties is whether the plaintiffs are entitled to the payment as of the time the land was taken, or only after the improvement is completed. The law is adequate for the determination of that question and equity should not be asked to interfere.

The Superior Court is advised to render judgment for the defendant, dismissing the complaint and dissolving the temporary injunction.

No costs will be taxed in this court for either party.

In this opinion the other judges concurred.