ALFRED J. MOSHER *v.* JOHN J. TYNAN,
COMMISSIONER OF MOTOR VEHICLES

HON. LOUIS SHAPIRO, A JUDGE OF THE SUPERIOR COURT
HARTFORD COUNTY

Memorandum filed February 9, 1965

*Richard S. Weinstein,* of Norwalk, for the plaintiff.

*Harold M. Mulvey,* attorney general, and *Stephen J. O'Neill,* assistant attorney general, for the defendant.

SHAPIRO, J. The plaintiff is a resident of this state. While operating his Connecticut registered motor vehicle in New Jersey on November 2, 1964, he there received a summons charging him with speeding. In order to avoid appearing in a New Jersey court, the plaintiff, he states, had his wife forward a sum of money to the clerk of that court in relation to that summons. On or about December 21, 1964, the plaintiff received from the defendant a suspension notice of his Connecticut operator's license and right to operate a motor vehicle in this state. The suspension was to commence on January 3, 1965, for a period of thirty days. On December

29, 1964, the plaintiff's attorney issued a writ returnable to the Circuit Court, first circuit at Norwalk, on the first Thursday of February, 1965, in which he sought, among other relief, a temporary and permanent injunction restraining and enjoining the defendant from interfering with the right of the plaintiff to operate a motor vehicle in Connecticut. On December 30, 1964, a judge of the Circuit Court in Norwalk issued an ex parte temporary injunction, under penalty of $1000, restraining the defendant and others acting under him "from interfering with the right of plaintiff to operate a motor vehicle in the state of Connecticut" until a later session and until further order of that court. While this is a question before the Circuit Court, it is interesting to note that "[p]rocess in all civil actions . . . brought to the circuit court shall be made returnable on any Tuesday in any month." General Statutes § 52-48a. Here it was made returnable on a Thursday.

On January 13, 1965, the defendant made an application to a judge of the Superior Court to require the said Mosher to appear before him on January 26, 1965, and there show cause why said temporary injunction, heretofore issued, should not be dissolved. On that date the matter was presented before the undersigned as a judge of the Superior Court under §§ 51-189 and 52-475 of the General Statutes. Also on that date, the parties appeared with counsel, and the issue raised by the motion to dissolve was controverted. The motion contends that the temporary injunction should be dissolved on five different grounds. Mosher's contention is that none of these is valid and that the injunction should stand and the parties proceed in the Circuit Court.

The commissioner, by this motion, seeks to have the Circuit Court's temporary injunction dissolved.

This injunction, as earlier pointed out, was granted before the return day of the cause related thereto. "Whenever a temporary injunction is granted in any cause before the return day thereof, it may be dissolved . . . by any judge of the superior court; provided a written motion for such dissolution shall be preferred before the return day." § 52-475.

No provision of chapter 246 of the General Statutes, the Motor Vehicle Act, shall be construed to prohibit the commissioner from suspending any operator's license "for any cause that he deems sufficient, with or without a hearing." § 14-111 (a). Any appeal taken from the commissioner's action shall not act as a stay of suspension except with his consent. § 14-111 (a). Under this same chapter appears § 14-134, which provides for an appeal from a decision of the commissioner to the Superior Court, and there the "commissioner shall enter and be heard as defendant. If, after hearing the evidence submitted thereon, the court finds the issues in favor of the appellant, the commissioner shall return to him the operator's license . . . ."

From the foregoing, it is clear that at least two remedies were available to Mosher. From the commissioner's order suspending his license he could have asked for a hearing before the commissioner (§ 14-111), or, assuming that a hearing was denied or that, after one was had, relief was denied, an appeal could be taken from the commissioner's decision. § 14-134. No attempt was made to do either, and, instead, the temporary injunction was obtained which is the subject of this action. If Mosher had availed himself properly of the procedures open to him, he could conceivably have the use of his license during the months involved in an appeal to the Supreme Court, if need be. It would seem that under conditions justifying such extraordinary procedure,

the trial court might even issue a temporary injunction restraining the suspension until the matter was finally resolved. *Young* v. *Tynan,* 148 Conn. 456, 458; *Meany* v. *Commissioner of Motor Vehicles,* 7 Conn. Sup. 165, 172.

The operation of motor vehicles upon the public highways of the state is a subject clearly within the police power. The General Assembly has exercised this power through the enactment of a large body of statutes, on the one hand dealing with mechanical requirements and on the other hand designed to insure the fitness of drivers. In great measure these are concerned with the prevention of accidents in contradistinction to the punishment and penalizing of persons responsible for such occurrences. The purpose of all this is the protection of life, limb and property on and adjacent to the public highways. The legal duty of enforcing these preventive provisions has been delegated to the motor vehicles commissioner to a very large degree. *Meany* v. *Commissioner of Motor Vehicles, supra,* 169. The above enunciation of the commissioner's powers was made in an opinion filed in 1939. It would seem even more valid and persuasive today, over twenty-five years later, with the enormous increase in the use of highways by motor vehicles. An operator's license is a purely personal privilege issued by the state on account of fitness. *Shea* v. *Corbett,* 97 Conn. 141, 145.

When the law is adequate for the determination of a controversy, equity should not be asked to interfere. *Kelly* v. *Waterbury,* 82 Conn. 255, 257; *Empire Transportation Co.* v. *Johnson,* 76 Conn. 79, 83. It is a fundamental rule that equity will not interfere where a party's legal right is doubtful. *Ginsberg* v. *Mascia,* 149 Conn. 502, 505; *Holt* v. *Wissinger,* 145 Conn. 106, 115. Restraining the action of an

individual by injunction is an extraordinary power, always to be exercised with caution and never without the most satisfactory reasons. The court, before acting, must be satisfied that a wrong is about to be done. *Brainard* v. *West Hartford,* 140 Conn. 631, 634.

Mosher finds himself in a dilemma entirely of his own making. He chose to follow a course that has led to the motion at hand. He adopted a proceeding that cannot stand up to the test of the law. He cannot utilize an ex parte temporary injunction, such as was obtained in this case, in the face of other available recourse, as already discussed here. He cannot decide to follow any course he chooses and thereby hamstring the commissioner in the exercise of his functions and duties. Here, since Mosher acted as he did, under the circumstances recited, the temporary injunction cannot be allowed to stand.

Acting under the authority of § 52-475, the temporary injunction issued by a judge of that court, in the case of Alfred J. Mosher v. John J. Tynan, returnable to the Circuit Court, first circuit at Norwalk, on the first Thursday of February, 1965, is hereby dissolved.